1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEWART MANAGO,

11              Plaintiff,                    No. CIV S-07-2290 LKK KJM P

12        vs.

13   BRAD WILLIAMS, et al.,

14              Defendants.              ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $14.64 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (internal quotation omitted).  In

2

reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that defendant Brockett subjected him to sexual harassment and assault, that he cooperated with an internal affairs investigation and ultimately testified in a personnel board hearing against Brockett.   He also alleges that defendants Vance, Shannon, Joseph, Garcia, Tenseth, Watcher, Morrow and Lafitte have incited other inmates to harm plaintiff in retaliation for his complaints about Brockett.  He contends that Vance and several "Doe" defendants have offered tobacco and coffee to inmates to encourage them to file false confidential information against plaintiff, apparently to retaliate for his report against Brockett. In addition, plaintiff alleges that defendants Williams, Hill and Gold failed adequately to investigate the other defendants' conspiracy against plaintiff.  Finally, he alleges that defendants Jaffe, Kelly, Martin and Stabbe falsified his mental health records and defendants Hill, Shannon, Joseph and Gold failed to supervise staff, which also resulted in a denial of adequate mental health services.

In Manago v. Knowles, Civ. No. S-04-1712 FCD DAD P, plaintiff raises claims of sexual harassment and assault against defendant Brockett and claims that defendant Vance, among others, attempted to sabotage plaintiff's mental health treatment, had him housed in a dangerous environment, retaliated against him by approving an adverse transfer, and set plaintiff up to be killed by another inmate in retaliation for plaintiff's reporting Brockett's misbehavior. The claims against Brockett and Vance in the instant action therefore appear to be duplicative and subject to dismissal.

However, a motion to dismiss for failure to state a claim and for failure to exhaust administrative remedies is pending in Case No. 04-1712, which may have an impact on the instant action.  Accordingly, the court will stay the screening of the instant action until the motion to dismiss in the earlier-filed case is resolved.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $14.64.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Further proceedings on this case are hereby stayed until the resolution of the motion to dismiss in Civ. No. 04-1712.  Plaintiff is directed to notify the court within thirty days of the resolution of that motion and to file a request that the stay be lifted.

DATED:  May 23, 2008.

_____
U.S. MAGISTRATE JUDGE

2

mana2290.sty

4