1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    STEWART MANAGO,

11              Plaintiff,              No. CIV S-07-2290 LKK KJM P

12        vs.

13    BRAD WILLIAMS, et al.,            <u>ORDER AND</u>

14              Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

15    _____/

16              Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

17    Plaintiff has several filings before the court: (1) a motion for a preliminary injunction; (2) a

18    motion for permission to serve the amended complaint; (3) a motion for a special hearing; and

19    (4) a motion for judicial intervention.

20        I.  <u>Motions for Preliminary Injunction and for Special Hearing</u>

21              The motion for a preliminary injunction makes two demands: plaintiff seeks an

22    order requiring the California Department of Corrections and Rehabilitation (CDCR) to transfer

23    plaintiff to a facility where he "will be able to receive proper mental health treatment" and that

24    the CDCR be "prohibited ... from transferring plaintiff Manago to other prisons where plaintiff

25    Manago may be placed into unlawful danger."  Mot. at 1 (Docket No. 23).  Plaintiff filed the

26    motion while housed at California State Prison-Sacramento (CSP-Sac), where he claims he was

1

1   at risk of harm because prison staff were telling other inmates that plaintiff was a "snitch" for

2   providing testimony against a prison guard accused of misconduct.  Mot. ¶¶ 34, 38, 40, 56

3   (Docket No. 23).  He claimed that several correctional officers at CSP-Sac "set [up] conditions

4   for plaintiff to be forced to defend himself against future attempted assaults and/or murder by

5   corrupted staff or ... inmates."  Id. ¶ 52.

6          Since filing the motion for preliminary injunction, plaintiff has filed a motion for

7   special hearing that supplements the motion for preliminary injunction.  Plaintiff informs the

8   court that in October 2009 he was transferred to the California Correctional Institution (CCI) in

9   Tehachapi, California.  See Mot. at 4 (Docket No. 34).  The transfer followed an incident at CSP-

10  Sac, in which plaintiff claims to have been assaulted by fellow inmates and suffered injuries to

11  his ribs as a result of being kicked by prison staff who responded.  Id. at 2.  Plaintiff avers,

12  without providing any evidence, that the assault was a "set up" by prison staff who induced other

13  inmates to attack plaintiff.  Id. at 3.  He no longer claims that he is in danger of assault now that

14  he is housed at CCI.  However, he does claim that after the transfer to CCI, he "has been in

15  serious pain without treatment."  Id. at 4.  He further claims that at CCI he still does not receive

16  proper mental health care.  Id.

17         The legal principles applicable to a request for injunctive relief are well

18  established.  To prevail, the moving party must show either a likelihood of success on the merits

19  and the possibility of irreparable injury, or that serious questions are raised and the balance of

20  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

21  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

22  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

23  point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

24  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

25  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

26  court need not reach the issue of likelihood of success on the merits.  Id.

1          Plaintiff's transfer to CCI moots his original request that this court order him

2    moved to another facility.  Insofar as plaintiff demands an injunction ordering transfer out of

3    CSP-Sac because he is in imminent danger of reprisal for being labeled a "snitch," plaintiff does

4    not recast his allegation to state that prison staff at CCI have continued to put him in the

5    "unlawful danger" that allegedly existed at CSP-Sac.  Furthermore, plaintiff has not made a

6    showing that the mental health treatment he receives at CCI puts him at significant risk of

7    irreparable injury.  Plaintiff states in his original motion that he has been diagnosed with post-

8    traumatic stress disorder and paranoid schizophrenia, and that he has been prescribed lithium and

9    Zyprexa, but he does not specify what additional treatment he believes he should receive for

10    these conditions.  See Mot. ¶¶ 1, 5 (Docket No. 23).  There is no evidence before the court that

11    the only remedy for undefined deficiencies in his mental health care treatment would be yet

12    another transfer to another prison facility.  Therefore his request for an order of transfer should be

13    denied.

14          As for plaintiff's statement that he has not been treated for injuries he received in

15    the alleged assault at CSP-Sac, plaintiff makes that allegation as part of his request for a "special

16    hearing," not as part of his motion for a preliminary injunction.  Moreover, plaintiff does not

17    allege that the defendants named in this action had any involvement in the treatment of injuries

18    that allegedly stemmed from an assault by plaintiff's fellow inmates or from prison officials'

19    attempts to stop the assault.  Nonetheless, the allegation that plaintiff's injuries have not been

20    treated is sufficiently serious, if true, such that the court construes it as a request for additional

21    injunctive relief that requires a prompt response.  Therefore the court will order the California

22    Attorney General's office, as general counsel for the CDCR, to file a response to the allegation

23    that plaintiff's rib injuries have not been treated.  See  28 U.S.C. § 1651.

24          For the foregoing reasons, the court will recommend that the motion for a

25    preliminary injunction, in which plaintiff requests a transfer to another prison facility, be denied

26    as moot.  The court will hold review on the motion for a special hearing in abeyance until it

3

1  receives a response concerning the treatment of plaintiff's injuries.

2      II.  Motion to Serve Amended Complaint

3          Plaintiff asks the court for three additional USM-285 forms so that plaintiff may

4  serve three defendants (Knowles, Stiles and Kennedy) who were named in the amended

5  complaint but were not included in the court's screening order of July 13, 2009.  This request is

6  not well taken.  In issuing the screening order, the court executed its duty under 28 U.S.C.

7  § 1915A to deny service of process on defendants against whom the complaint states no specific

8  cause of action.  The court found that plaintiff had adequately stated a cause of action against

9  most of the defendants named in the amended complaint and ordered service upon them.

10  However, in omitting Knowles, Stiles and Kennedy from the screening order, the court implicitly

11  found that the averments of the amended complaint were too vague to allow service against

12  them.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

13  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

14  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

15  particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.; Fed. R.

16  Civ. P. 8(a)(2).  Plaintiff failed to meet this requirement with respect to Knowles, Stiles and

17  Kennedy; therefore the court did not order service upon them.  There is no cause to order service

18  on them now.  Plaintiff's motion for permission to serve the amended complaint will be denied.

19      III.  Motion for Judicial Intervention

20          Plaintiff has filed a motion for judicial intervention, seeking the court's assistance

21  in locating the current mailing address for defendant W.S. Lafitte.  On December 12, 2009, the

22  U.S. Marshal filed a return of service stating that the summons could not be executed as to

23  Lafitte.  See Docket No. 43.  A handwritten note on the return, dated November 20, 2009, states

24  "no longer at address."  Id.  In his motion, plaintiff states that he provided the address where

25  Lafitte lived "before getting arrested for selling drugs to inmates at CSP-Sacramento in 2006."

26  Mot. at 4 (Docket No. 49).  The return filed by the Marshal contains a typed but undated note

1  stating "this Defendant is/was serving time within CDCR, and may be on parole."  Docket No.

2  43.

3  In his motion, plaintiff states that he requested information about Lafitte from the

4  warden and litigation coordinator at CSP-Sac, but those officers withheld the information, citing

5  exceptions under the California Public Records Act, Calif. Gov't. Code § 6250, et seq.  See Mot.

6  at 6 (Docket No. 49).  Plaintiff names Linda Young and James Walker as the prison officials who

7  withheld the requested information.  Neither of them is named as a defendant in this action, and

8  presumably the named defendants are not privy to or authorized to provide Lafitte's current

9  address.  Under the present circumstances, without reaching the question of applicability of the

10 California Public Records Act, the court finds that plaintiff should be provided defendant

11 Lafitte's current mailing address, if it is in CDCR's possession, solely for the purpose of

12 effecting service on Lafitte in this action.  Therefore the court will request that the California

13 Attorney General's office, as general counsel for CDCR, inform plaintiff and the court of W.S.

14 Lafitte's current mailing address, if it is known to CDCR.

15 Accordingly, IT IS HEREBY ORDERED that:

16 1.  The motion to serve the amended complaint (Docket No. 26) is denied;

17 2.  CDCR will file a response to the allegation that plaintiff's injuries are not

18 being treated, as alleged in his motion for special hearing (Docket No. 34), no later than five days

19 after the date of this order; and

20 3.  The Clerk of the Court is directed to serve a copy of this order on Monica

21 Anderson, Supervising Deputy Attorney General.

22 FURTHERMORE, the court requests that, within ten days of the date of this

23 order, CDCR provide the court and plaintiff with the current mailing address of W.S. Lafitte, if it

24 is on record with CDCR.

25 IT IS HEREBY RECOMMENDED that the motion for a preliminary injunction

26 (Docket No. 23) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 14, 2010.

U.S. MAGISTRATE JUDGE

4
mana2290.48.ord