IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                    No. CIV S-07-2290 LKK KJM P

    vs.

BRAD WILLIAMS, et al.,

      Defendant.                <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On January 15, 2010, the court ordered the California Department of Corrections and Rehabilitation (CDCR) to respond to the allegation contained in plaintiff's motion for a special hearing, that he had not been treated for injuries to his ribs that he allegedly suffered in an altercation with other prisoners and prison staff. The court noted in its order that plaintiff does not allege that any of the numerous defendants named in this action had anything to do with the treatment of his injuries. Still, the court found the allegation of untreated injuries sufficiently serious that it required a response from CDCR. The court thus construed the allegation as a request for immediate injunctive relief. <u>See</u> Order and Findings and Recommendations at 3 (Docket No. 55). Acting through counsel, CDCR promptly responded. <u>See</u> Docket No. 56.

///

Injunctive relief in this case would, if the court found it necessary, be granted in the form of a temporary restraining order. The purpose in issuing a temporary restraining order often is to preserve the status quo pending a fuller hearing. However, when a party seeks a mandatory injunction that "goes well beyond simply maintaining the status quo," the party must show that the facts and the law clearly favor his position. Stanley v. University of Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994). The plaintiff here seeks the latter, by asking for an affirmative order from the court requiring a change in the medical treatment given him by prison officials at California Correctional Institution (CCI), where he is currently housed.

The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Having reviewed plaintiff's motion and CDCR's response, the court finds that plaintiff has not met the high burden necessary to obtain immediate injunctive relief. Although counsel for CDCR does not support the response with any verifiable documentation, she represents to the court that on the date of the response, January 20, plaintiff was "seen by a physician who ordered an x-ray; review of the x-ray revealed no rib fracture; the physician further noted that Inmate Manago is asymptomatic at this time, although the physician has continued Inmate Manago's Tylenol prescription to be taken by the inmate as needed." Response at 2 (Docket No. 56). The court presumes that the short time allowed for response led counsel for CDCR to submit these representations without the usual documentary support. In any event, they are necessarily sworn representations of fact to the court by counsel. The court therefore accepts them and finds no cause to recommend immediate injunctive relief at this time.

The denial of immediate injunctive relief in this case has no bearing on any other action for relief that plaintiff might pursue under the Civil Rights Act. As stated above, the allegation of inadequate medical treatment did not implicate any of the named defendants in this action. Only the potential seriousness of the allegation compelled the court to order a prompt response from CDCR despite the absence of an individual defendant who could directly answer or speak to the issue of plaintiff's medical treatment. If this recommendation is adopted, the issue of plaintiff's medical treatment will be closed for purposes of this case. Should plaintiff choose to seek additional relief related to the treatment of his injuries, he must do so through an independent legal action.

Therefore, IT IS RECOMMENDED that the motion for special hearing (Docket No. 34), construed by the court as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-one days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2010.

_____
U.S. MAGISTRATE JUDGE

mana2290.tro.fr