1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEWART MANAGO,

11            Plaintiff,                    No. CIV S-07-2290 LKK KJM P

12        vs.

13   BRAD WILLIAMS, et al.,

14            Defendants.                   ORDER

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, brings this action under 42 U.S.C. section

17   1983.  Plaintiff has filed a motion for a preliminary injunction (1) requiring defendant California

18   Department of Corrections and Rehabilitation to transfer plaintiff to a prison where he will

19   receive "proper mental health treatment," and (2) prohibiting CDCR "from transferring plaintiff

20   to" a prison "[w]here plaintiff . . . may be placed in unlawful danger."  Pl.'s Mot at 1 (Dkt. No.

21   23).

22        This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

23   636(b)(1)(B) and Local General Order No. 262.  On January 15, 2010, the magistrate judge filed

24   findings and recommendations which recommended denying the motion for a preliminary

25   injunction as moot.  Plaintiff has filed timely objections to the findings and recommendations.

26        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

                                            1

court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court agrees that the motion for a preliminary injunction should be denied. Because the court's analysis differs in several regards from the magistrate judge's, the court writes separately here.

**I. Standard**

The Ninth Circuit formerly used a "sliding scale" approach to determining whether a preliminary injunction should issue. Under this approach, a moving party could show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and that the balance of hardships tips sharply in the movant's favor. <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997). The approach was a "sliding scale" because a strong showing on the merits lessened the burden of showing irreparable injury, and vice versa. The Supreme Court has since overruled at least one application of this sliding scale approach, holding that preliminary relief may never issue absent a showing of *likely* irreparable injury, regardless of the showing on the merits. <u>Winter v. Natural</u> <u>Res. Def. Council</u>, ___ U.S. ___, ___, 129 S.Ct. 365, 375-76 (2008). However, as this case demonstrates, <u>Winter</u> only differs from the prior approach in a narrow class of cases, not including the instant matter. Here, the magistrate judge found no likelihood of irreparable injury. This court agrees, and in this situation, no injunction may issue under either formulation of the test.

**II. Discussion**

Plaintiff's motion is motivated by two primary concerns. First, plaintiff contends that prison guards put him in danger in retaliation for plaintiff's prior testimony against another prison official. Second, plaintiff contends that he was not receiving adequate mental health care while incarcerated at California State Prison - Sacramento (CSP-Sac).

As to the first concern, plaintiff's appears to have requested both that CDCR be ordered to be transfer plaintiff *from* CSP-Sac and that CDCR be enjoined from retaliatorily transferring him *to* another institution where his safety would be at an even greater risk. Since his motion

was filed, plaintiff filed a supplemental brief stating that he has been transferred from CSP-Sac to the California Correctional Institution (CCI) in Tehachapi, California. (Dkt. No. 34). The magistrate judge interpreted plaintiff as stating that he was not in danger at CCI, and the magistrate concluded that the motion for a preliminary injunction was therefore moot insofar as it was motivated by plaintiffs' safety. In plaintiff's objections to the findings and recommendations, plaintiff asserts that he is still in danger. (Dkt. No. 58, at 3). Moreover, even if plaintiff was not presently in danger, his explicit request for a prohibition on future retaliatory transfers was not mooted by the transfer from CSP-Sac.

Plaintiff nonetheless has failed to meet his burden of showing that his safety warrants a preliminary injunction, because plaintiff has not shown a likelihood of irreparable injury. Despite plaintiff's statement that he "believe[s] that he is still in danger of assault" at CCI, he provides no allegations or evidence indicating that such an assault is likely. Instead, his allegations pertaining to treatment since his transfer to CCI pertain solely to the provision of medical care. Nor has plaintiff provided any argument as to why a retaliatory transfer is likely, or that such a transfer would result in irreparable injury.

Turning to plaintiff's second concern, plaintiff argues that he has continued to receive inadequate mental health care at CCI.[1] This concern was therefore not mooted by the transfer to CCI. The magistrate judge recognized, however, that plaintiff does not "specify what additional treatment he believes he should receive," and that "[t]here is no evidence before the court that the only remedy for undefined deficiencies in his mental health care treatment would be yet another transfer to another prison facility." Findings and Recommendations at 3. Thus, plaintiff has not shown that he is likely to suffer an irreparable injury in this regard.

### III. Conclusion

---

[1] Insofar as plaintiff's objections to the findings and recommendations complain of inadequate medical care, these arguments were not raised in the initial motion, and the court declines to address them here.

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  The court declines to adopt the findings and recommendations filed January 15, 2010 (Dkt. No. 55).

2.  Plaintiff's motion for a preliminary injunction (Dkt. No. 23) is denied.

DATED: February 24, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT