|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | IN THE UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | STEWART MANAGO, | |
| 11 | Plaintiff, | No. 2:07-cv-2290 LKK KJN P |
| 12 | vs. | |
| 13 | BRAD WILLIAMS, et al., | |
| 14 | Defendants. | FINDINGS AND RECOMMENDATIONS |
| 15 | _____/ | |

Plaintiff, a state prisoner proceeding without counsel in this civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for temporary restraining order. (Dkt. No. 70, filed February 22, 2010.) This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, and was reassigned to the undersigned on February 9, 2010. This is plaintiff's third motion for injunctive relief. (See Dkt. Nos. 6, 23, 70.)

Plaintiff's motion for a temporary restraining order seeks an order of this court: (1) requiring that "defendants, their agents, employees, and successor[s]...cease harassment, retaliation and reprisals for plaintiff's court litigation, legal assistance to prisoners and innocent

association with inmates;" (2) requiring that "(CDCR)[1] prison officials [be] ordered [to] remove plaintiff from (ASU)[2] based on the fact that plaintiff is not a member nor an associate of any prison gang;" (3) ruling that "defendants and/or their agents ha[ve] violated plaintiff's First Amendment rights in that his confinement in the (ASU) constitutes retaliatory action taken against plaintiff for the exercise of his constitutionally protected right to engage in legal and legitimate jailhouse lawyer activities;" and (4) ruling "that defendants and/or their agents have violated plaintiff's First Amendment rights by basing his confinement in the (ASU) wholly or in part upon plaintiff's lawful association with other prisoners. . ." (Dkt. No. 70, at 29–30.) In support of his thirty-page motion, plaintiff has attached exhibits totaling one hundred pages. Plaintiff has served the motion on defendants. (Dkt. No. 70, at 130.)

LEGAL STANDARDS

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction,[3] particularly when, as here, the motion has been served on the adverse party.

---

[1] California Department of Corrections and Rehabilitation ("CDCR").

[2] Administrative Segregation Unit ("ASU").

[3] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010), which provides: "'Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.' Pimentel v. Deutsche Bank Nat. Trust Co., No. 09- CV-2264 JLS (NLS), 2009 WL 3398789, at *1 (S.D. Cal. 2009) (referencing New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347, n. 2 (1977) (Rehnquist, J.)" (internal parallel citations omitted).

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). Significantly, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

DISCUSSION

Plaintiff cannot, by this motion, enjoin persons who are not defendants in the underlying action, based on claims that are not set forth in the operative complaint. Although this motion expressly seeks to enjoin "defendants, their agents, employees, and successors," all of the challenged conduct has taken place at California Correctional Institution, Tehachapi, and the requested relief is directed toward officials at that facility (and, more broadly, CDCR), who are not parties to this action. In contrast, this lawsuit proceeds on plaintiff's claims against individual defendants working at CSP, Sacramento and CDCR's Office of Internal Affairs. Further, while both the underlying action and instant motion allege retaliatory conduct against plaintiff, the underlying action rests on alleged conduct in response to plaintiff testifying against a prison official, while the instant challenge rests on conduct allegedly responsive to plaintiff filing administrative complaints, pursuing his own litigation, assisting other inmates in the

pursuit of their litigation, and associating with prisoners who have gang affiliations. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The relief plaintiff presently seeks is not relevant to preserving the status quo in the underlying action nor, therefore, can plaintiff demonstrate, pursuant to the instant motion, a likelihood of success on merits of his underlying claims.

The court has considered plaintiff's general claim throughout all his filings and reasserted here that every official action and decision directed toward him is further evidence in support of his overarching claim of system-wide retaliation against plaintiff for testifying against a CDCR official. Even assuming the adequacy of this allegation,[4] plaintiff has failed to demonstrate that any of the relief he presently seeks (i.e., his removal from administrative segregation and an order directing officials to stop retaliating against him) is essential to preserve the status quo in the underlying action. More significantly, plaintiff does not demonstrate that in the absence of preliminary relief he is likely to suffer irreparable harm – either on the merits of the instant litigation or, more fundamentally, to his person. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.

Therefore, for the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to the preliminary relief he seeks.

////

////

---

[4] Despite the distinct forms of relief plaintiff seeks in the present motion, the instant filing recounts the allegations and claims set forth in his Amended Complaint.

4

## CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order (Dkt. No. 70) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.f&r.tro