IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                    No. 2:07-cv-2290 LKK KJN P

    vs.

BRAD WILLIAMS, et al.,             <u>ORDER</u>

      Defendants.

_____/

        Plaintiff moves for reconsideration (Dkt. No. 94) of the Magistrate Judge's Order filed May 14, 2010 (Dkt. No. 78). In addition, plaintiff has filed a "Motion to Offer Proof of Exhaustion of Administrative Remedies" (Dkt. No. 97), which seeks reinstatement of three defendants now dismissed from this action, and is thus construed as a motion for relief from the undersigned's Order filed July 2, 1010 (Dkt. No. 89). Both matters challenge the Magistrate Judge's Order and Findings and Recommendations filed May 14, 2010 (Dkt. No. 78), as adopted by the undersigned by Order filed July 2, 1010 (Dkt. No. 89).

        Plaintiff moves for reconsideration of that portion of the Magistrate Judge's order which denied plaintiff's motion for protective order to restrain defendants and other correctional staff from searching through and reading plaintiff's legal materials (Dkt. No. 59), and plaintiff's motion for protective order which sought the return of specified legal property (Dkt. No. 60).

1

1  Pursuant to both motions, plaintiff, who proceeds without counsel, improperly relied on the
2  attorney-client privilege and work product doctrine.  Moreover, as the Magistrate Judge found,
3  these matters were not encompassed by the operative complaint and plaintiff had failed to
4  exhaust his administrative remedies.  Although plaintiff filed objections to the Magistrate
5  Judge's Order and Findings and Recommendations (Dkt. No. 82), he did not challenge that
6  portion of the Order.

7  　　　　　In addition to those deficiencies in plaintiff's original motions, the instant Motion
8  for Reconsideration of the Magistrate Judge's Order is untimely.  Local Rule 303(b) provides
9  that "[r]ulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from
10  the Court within fourteen (14) days calculated from the date of service of the ruling on the
11  parties. . ."  E.D. Cal. L. R. 303(b).  An additional three (3) days are added to this period when,
12  as here, service of the court's order is made upon plaintiff by mail.  See Fed. R. Civ. P. 6(d),
13  5(b)(2)(C).  Thus, the deadline for filing a motion for reconsideration of the Magistrate Judge's
14  May 14, 2010 Order was May 31, 2010.  Plaintiff's Motion for Reconsideration, filed July 15,
15  2010,[1] is therefore untimely.  Furthermore, for the reasons noted above, the Magistrate Judge
16  carefully considered the substance of plaintiff's concerns in the challenged order (see Dkt. No.
17  78, at 28-30), providing no substantive basis for reconsideration.

18  　　　　　In his "Motion to Offer Proof of Exhaustion of Administrative Remedies" (Dkt.
19  No. 97), plaintiff seeks reinstatement of three defendants in this action which the undersigned
20  dismissed without prejudice by Order filed July 2, 1010 (Dkt. No. 89).  Plaintiff asks the court to
21  reinstate as defendants Knowles (former Warden of California State Prison-Sacramento ("CSP-
22  SAC")), Stiles (former CSP-SAC Chief Deputy Warden), and Stabbe (CSP-SAC staff

---

[1] Although the court docket indicates a filing date of July 21, 2010, the court construes the filing date as the date on which petitioner, proceeding pro se, signed and delivered his brief to prison officials for mailing (see Dkt. No. 94-1, at 69).  Pursuant to this "mailbox rule," July 15, 2010 is considered the filing date of plaintiff's brief.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

psychologist).

The initial screening of the operative First Amended Complaint (Dkt. No. 20) identified no cognizable cause of action against Knowles or Stiles, but service of process was ordered for Stabbe (Dkt. No. 28). Later, pursuant to defendants' motion to dismiss based on the contention that plaintiff had failed to exhaust his administrative remedies, the court again found no cognizable claim against Knowles or Stiles, and found that plaintiff had failed to state a cognizable claim against Stabbe. (Dkt. No. 78, at 24.) In his objections to the Magistrate Judge's Order and Findings and Recommendations (Dkt. No. 82), plaintiff challenged, in pertinent part, only the dismissal of Stabbe (id. at 1, 8-9). The undersigned found those objections without merit and adopted the Magistrate Judge's Findings and Recommendations, dismissing, without prejudice, each of these three defendants. (Dkt. No. 89.)

Plaintiff now reiterates his claims against Stabbe and asserts that he has new evidence to support his claims against Knowles and Stiles. Plaintiff explains only that "[o]n July 23, 2010, I had to go through several boxes of legal documents in order to locate the (ADA) complaint appeal Log No. SAC 03-02413, involving defendants M. Knowles and S. Stiles. . ." Dkt. No. 97, at 3.

Pursuant to Federal Rule of Civil Procedure 60, a motion seeking relief from an order of the court, based upon excusable neglect or the discovery of new evidence, must be filed within a year of the challenged order.[2] While plaintiff has filed the instant motion within a year of the challenged order, he meets neither standard for obtaining relief. The determination whether neglect is excusable requires consideration of at least four equitable factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on

---

[2] Pursuant to Fed. R. Civ. P. 60(b)(2), a party may seek relief from a court order based on "(1) mistake, inadvertence, surprise, or excusable neglect; [or] (2) newly discovered evidence that, with reasonable diligence, could not have been [timely] discovered. . . ." In addition, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

1  the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."
2  Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (citations and internal quotation
3  marks omitted). Evidence is "newly discovered" if it was not in the moving party's possession at
4  the time of the challenged ruling or could not have been discovered with reasonable diligence.
5  Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987) (citations
6  omitted). The fact that plaintiff's copy of his ADA administrative appeal was at all pertinent
7  times held with his other legal documents and thus within plaintiff's possession, coupled with the
8  requirement that plaintiff submit all of his administrative appeals in opposition to defendants'
9  motion to dismiss, fails to satisfy the criteria for "newly discovered" evidence. Nor does plaintiff
10 meet the criteria for "excusable neglect"— he does not explain the reason for the delay or assert
11 that he acted in good faith, and the court finds that it would be prejudicial to defendants, given
12 the length of the delay and fact that Knowles and Stiles have already been dismissed from this
13 action, to order their reinstatement. The court therefore concludes that plaintiff has failed to meet
14 the threshold requirements for obtaining relief, pursuant to Federal Rule of Civil Procedure
15 60(b), from this court's Order filed July 2, 1010 (Dkt. No. 89).

16              Nevertheless, even had plaintiff met the threshold requirements for obtaining such
17 relief, the substance of his motion fails. Plaintiff now asserts that Stabbe was his "case manager"
18 and should be reinstated in this action because he "is part of the CSP-Sacramento Mental Health
19 Staff" and plaintiff has exhausted his administrative remedies relative to his mental health care at
20 CSP-SAC. (Dkt. No. 97, at 4.) This court previously found that plaintiff had failed to state
21 against Stabbe cognizable claims for retaliation or deliberate indifference to plaintiff's serious
22 mental health needs because plaintiff's allegations and supporting administrative appeals
23 indicated that Stabbe acted only as "a staff psychologist whose decisions were merely consistent
24 with prior directives." (Dkt. No. 78, at 23-24.) The court considered and rejected plaintiff's
25 timely objections to these findings. Plaintiff's instant briefing does not alter the court's prior
26 conclusions. Even if Stabbe was plaintiff's case manager, plaintiff has failed to articulate a

concrete connection between Stabbe's actions and the alleged deprivation of plaintiff's rights. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, [only] if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The allegations of the operative complaint fail to meet this standard, and plaintiff's additional efforts to state a claim against Stabbe do not remedy this failing. Thus, the court finds no basis to reinstate Stabbe as a defendant in this action.

In support of his request that Knowles and Stiles be reinstated as defendants in this action, plaintiff has submitted a copy of his administrative appeal, Log No. SAC 03-02413, which is an ADA (Americans with Disabilities) Accommodation Request (CDC Form 1824), filed October 26, 2003, based on plaintiff's "major mental illnesses," and pursuant to which plaintiff sought a transfer from CSP-SAC to "CMF" (California Medical Facility at Vacaville) or "CMC" (California Mens Colony in San Luis Obispo) in order to obtain "optimal treatment for petitioner's condition." (See Dkt. No. 97, Exhibits.) Plaintiff complained therein that, as a result of his transfer within CSP-SAC from the Psychiatric Secure Unit to the Enhanced Outpatient Program ("EOP"), he was improperly housed with sensitive needs and protective housing inmates who posed a threat to plaintiff's safety and mental health. This ADA request was denied at the Second Level by Warden Knowles, and thereafter denied at the Third Level by the Chief of Inmate Appeals, N. Grannis. These documents do not reference Stiles, although they contain illegible signatures that may include that of Stiles. However, this is an inadequate basis to reinstate Stiles as a defendant on any of plaintiff's claims set forth in the operative complaint.

The situation is more complex with respect to Knowles. The newly submitted administrative appeal demonstrates that Knowles was informed of plaintiff's request to transfer from CSP-SAC and, as Warden of CSP-SAC, expressly concluded that plaintiff's "mental health

needs are currently met at SAC."[3] (Dkt. No. 97, at 11.) Knowles completed the Second Level Review on December 8, 2003, and Grannis completed the Third Level Review on February 2, 2004. This time period coincides with significant facts alleged in the operative complaint.[4]

---

[3] Warden Knowles concluded in pertinent part (Dkt. No. 97, at 11):

> A thorough inquiry into your complaint revealed that your appeal issues regarding the intermingling of EOP inmates with sensitive needs and/or general population inmates were adequately addressed in a prior appeal, log number SAC-A-03-01259, which was denied at the third formal level on October 30, 2003.
>
> . . . The SAC EOP is part of CDC's Mental Health Services Delivery System that provides focused evaluation and treatment of mental health conditions and clinical intervention to return the inmate to the least restrictive clinical and custodial environment. In June 2000, you were transferred to the SAC from Pelican Bay State Prison and accepted into the SAC EOP. At that time, a case manager and psychiatrist were assigned to your case and a treatment plan was initiated. You, along with all the mental health staff, have input into the development of this plan. You are receiving and participating in the appropriate treatment activities such as group and individual therapy and recreational therapy. The IDTT (Interdisciplinary Treatment Team) reviews your case at least every 90 days to assess your current level of functioning and progress in achieving your treatment goals. The IDTT is composed of psychiatrists, psychologist, psychiatric social workers, a recreation therapist, a registered nurse, and psychiatric technician, custody staff, and classification staff. The IDTT conducted their latest review on October 22, 2003, and determined that continued SAC EOP placement was appropriate. The IDTT made no recommendation for your discharge from the EOP or transfer from SAC. All your case factors are also addressed in Unit Classification Committees, in which an IDTT representative is always present.
>
> Your appeal is denied in that all your mental health needs are currently being met at SAC, and there is no evidence to justify a transfer to CMF or CMC at this time.

[4] The time period during which plaintiff's ADA appeal was considered at the Second and Third Level Reviews (December 2003 to February 2004) coincides with the following allegations of the complaint: that in October and December 2003, Knowles (and others) informed plaintiff that he would not be transferred from CSP-SAC because his mental health needs were being met (Dkt. No. 20 (Complaint ("Cmplt.")) at ¶¶ 33, 40-41); that defendant correctional officer Brockett made unwanted sexual advances toward plaintiff in December 2003 and January 2004 (id. at ¶¶ 21, 37); that defendants implemented a "sting operation" against Brockett, utilizing plaintiff, in December 2003 (id. at ¶¶ 22-28); that on January 21, 2004, plaintiff was transferred to Salinas Valley State Prison ("SVSP") (id. at ¶ 43) (plaintiff was thereafter transferred to High Desert State Prison, then back to CSP-SAC on April 6, 2005 (id. at ¶ 58, 63)); also significant during this time period is plaintiff's allegation, set forth in his administrative appeal Log No. 03-07257, that on December 10, 2003, defendants executed a holding cell-extraction of plaintiff and denied his request for suicide intervention (see court's discussion set forth in Dkt. No. 78, at pp. 10-11).

However, while the details contained in the newly submitted administrative appeal are consistent with many of plaintiff's factual allegations, they do not justify the reinstatement of Knowles as a defendant in the following legal claims against him (and others):  retaliation and retaliatory transfer (Second Cause of Action, Cmplt. at pp. 18-19); deliberate indifference to serious mental health needs (Third Cause of Action, id. at p. 19); failure to protect from use of excessive force by staff (Fourth Cause of Action, id. at pp. 19-20); and failure to supervise (Fifth Cause of Action, id. at p. 20).  None of plaintiff's allegations concerning defendant Brockett or plaintiff's role in the "sting operation" against Brockett (see n.4, supra) were included in the ADA appeal, and plaintiff's transfer from CSP-SAC took place after Knowles' reviewed the appeal, thus underscoring plaintiff's failure to state a claim against Knowles pursuant to this Second, Fourth and Fifth Causes of Action.  Relative to plaintiff's Third Cause of Action, deliberate indifference to plaintiff's serious mental health needs, plaintiff's ADA claim fails to make the requisite linkage to Knowles.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976) (Section 1983 requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff).  As clearly set forth in his Second Level Review, Knowles' supervisory position required deference to the apparently reasonable assessments and conclusions of CSP-SAC's hands-on psychological staff.  Thus, plaintiff's newly submitted administrative appeal fails to overcome both the substantive and procedural hurdles of Federal Rules of Civil Procedure 60(b).  The court therefore finds no basis to reinstate Knowles as a defendant in this action.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration (Dkt. No. 94) is denied; and

2. Plaintiff's "Motion to Offer Proof of Exhaustion of Administrative Remedies" (Dkt. No. 97), construed as a motion for relief from this court's Order filed July 2, 2010, is denied.

DATED: November 16, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7