1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEWART MANAGO,

11          Plaintiff,              No. 2:07-cv-2290 LKK KJN P

12      vs.

13   BRAD WILLIAMS, et al.,

14          Defendants.             ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel[1] and in forma pauperis in

17   this civil rights action filed pursuant to 42 U.S.C. § 1983.  The initial complaint was filed in

18   October 2007.  The action now proceeds on the First Amended Complaint filed November 26,

19   2008.  (Dkt. No. 20.)  On July 28, 2010, after addressing a motion to dismiss and several

20   _____

21          [1]  Although plaintiff has not moved for appointment of counsel, the court would consider
     such a motion in this case.  While district courts lack authority to require counsel to represent
22   indigent prisoners in Section 1983 cases, Mallard v. United States District Court, 490 U.S. 296,
     298 (1989), in certain exceptional circumstances the court may request the voluntary assistance
23   of counsel pursuant to 28 U.S.C. § 1915(e)(1), Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
     1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  "A finding of . . .
24   exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's
     success on the merits and an evaluation of the petitioner's ability to articulate his claims in light
25   of the complexity of the legal issues involved."  Agyeman v. Corrections Corp. of America, 390
     F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted).  In the present case,
26   exceptional circumstances may exist due to the rulings herein requiring limited disclosure of
     privileged documents for in camera review and for consideration of a protective order.

1

1  discovery matters, this court issued an Amended Discovery and Scheduling Order that set, in

2  pertinent part, a discovery deadline of February 25, 2011, and a dispositive motion deadline of

3  May 20, 2011.  (Dkt. No. 95.)  Defendants have answered the First Amended Complaint.  (Dkt.

4  No. 51, 117.)

5          Presently pending before the court are the following matters:  (1) defendants'

6  motion for protective order relative to plaintiff's allegedly excessive discovery requests and

7  motions (Dkt. No. 103); and (2) plaintiff's motions to compel discovery and for sanctions (Dkt.

8  Nos. 109, 111).

9  BACKGROUND

10          The First Amended Complaint ("FAC" or "complaint") alleges that plaintiff, who

11  was transferred to California State Prison-Sacramento for mental health treatment, was there

12  sexually harassed by correctional officer Brockett; that plaintiff was then solicited to participate,

13  and did participate, in an administrative sting operation against Brockett that resulted in her

14  dismissal; and that, allegedly as a result of plaintiff's participation in Brockett's dismissal,

15  plaintiff was retaliated against by correctional staff, including by the denial of adequate mental

16  health treatment.  The amended complaint alleges causes of action for excessive force,

17  retaliation, deliberate indifference to plaintiff's mental health needs, failure to investigate

18  plaintiff's complaints of sexual misconduct and to protect him accordingly, and failure to provide

19  adequate supervision of correctional and mental health staff.  The court has already written

20  extensively on this case, noting that it proceeds "on potentially, facially compelling facts."  (Dkt.

21  No. 93, at 14.)  However, because of plaintiff's numerous filings, many frivolous, the

22  undersigned admonished plaintiff in July 2010, "caution[ing] [him] that due consideration will be

23  given to his future filings to determine whether plaintiff's access to the court should be

24

25

26

1  restricted." (Dkt. No. 93, at 15.)[2]

2          On September 14, 2010, all defendants but Brockett (who is separately

3  represented) moved for a protective order pursuant to Federal Rule of Civil Procedure 26, which

4  seeks to strike plaintiff's allegedly excessive discovery requests, impose sanctions to deter future

5  similar conduct, and to establish appropriate limitations on plaintiff's further discovery requests.

6  Defendants argue that plaintiff's discovery involves "excessive, oppressive, and unduly

7  burdensome volumes of written discovery on defendants in this action in an attempt to harass and

8  coerce Defendants into settlement in violation of [Federal Rule of Civil Procedure] 26." (Dkt.

9  No. 103, at 1-2.)

10          Defendants have submitted 429 pages of exhibits demonstrating that, within a

11  three-week period following the court's admonition, plaintiff served defendants with

12  approximately 1550 discovery requests. (Defendants' Motion (Dkt. No. 103), at 3-5, and

13  Defendants' Exhibits set forth in Dkt. Nos. 104-106.) Defendants state that contemporaneously

14  plaintiff sent "several letters to defense counsel, threatening adverse publicity and attempting to

15  persuade counsel that a compromise would be cheaper for defendants and would avoid the

16  adverse publicity. In one of his letters, he made a settlement demand of 250,000 dollars." (Dkt.

17

18          [2]  The court stated in full (Dkt. No. 93, at 14):

19      Admonition to Plaintiff

20      Plaintiff has, to date, filed fourteen cases in this court; all but the instant case are
       now closed. This action has survived a motion to dismiss and proceeds on the
21      merits on potentially, facially compelling facts. However, the progress of this
       case has been impeded by plaintiff's frequent and often legally frivolous filings.
22      This action is not the only case before this court, yet it has required an inordinate
       amount of the court's time, often to address superfluous matters.

23      Plaintiff is hereby formally cautioned that a litigant proceeding in forma pauperis
       may suffer restricted access to the court where it is determined that he has filed
24      excessive motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th
       Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). The
25      court finds excessive the number of matters plaintiff has filed to date and
       therefore due consideration will be given whether to restrict plaintiff's access to
26      the court if he does not exercise appropriate restraint in the future.

3

1  No. 103, at 5 (citations omitted).)  Defendants state that defense counsel sent a meet and confer

2  letter to plaintiff on August 31, 2010, but did not receive a timely response.  (Id.)  After

3  defendants filed the instant motion, plaintiff sent letters to defendants asserting his right to

4  propound the challenged discovery.  (Defendants' Reply (Dkt. No. 114), at 2.)  In his opposition,

5  plaintiff asserts that the Federal Rules of Civil Procedure support the number of requests he has

6  propounded, and that defendants' motion is untimely filed and an effort to delay or obstruct the

7  discovery process in this case.  (Dkt. No. 108.)  In addition, plaintiff has filed a motion to compel

8  these defendants' responses to the discovery at issue.  (Dkt. No. 109.)

9         Plaintiff has filed a separate motion compelling further responses by defendant

10 Brockett to plaintiff's Request for Production (Set One).  (Dkt. No. 111.)  Brockett timely

11 responded to the Request and now opposes plaintiff's motion based on assertions of privilege.

12 (Dkt. No. 113).

13 STANDARDS

14        "Parties may obtain discovery regarding any nonprivileged matter that is relevant

15 to any party's claim or defense—including the existence, description, nature, custody, condition,

16 and location of any documents or other tangible things and the identity and location of persons

17 who know of any discoverable matter.  For good cause, the court may order discovery of any

18 matter relevant to the subject matter involved in the action.  Relevant information need not be

19 admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

20 admissible evidence."  Fed. R. Civ. P. 26(b)(1).

21        However, "[a]ll discovery is subject to the limitations imposed by Rule

22 26(b)(2)(C)."  (Id.)  "On motion or on its own, the court must limit the frequency or extent of

23 discovery otherwise allowed by these rules or by local rule if it determines that:  (i) the discovery

24 sought is unreasonably cumulative or duplicative, or can be obtained from some other source that

25 is more convenient, less burdensome, or less expensive;  (ii) the party seeking discovery has had

26 ample opportunity to obtain the information by discovery in the action; or (iii) the burden or

4

expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

A protective order may be sought pursuant to subdivision (c) of Federal Rule of Civil Procedure 26. Pursuant thereto, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Good cause" exists when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense. Alexander v. F.B.I., 186 F.R.D. 60, 71 (Dist. D. C. 1998). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). The objections serving as the basis of a protective order should be "plain enough and specific enough" to permit the court to understand the factual underpinning of a party's objections. See Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

DISCUSSION

A.  Timeliness of Defendants' Motion for Protective Order

Plaintiff contends that defendants' motion is a subterfuge for their failure to provide timely responses to plaintiff's discovery requests. The disputed requests were served commencing August 3, 2010, through August 16, 2010, and thus were timely propounded. (See Dkt. No. 93, at 6 ("[a]ll requests for discovery . . . shall be served not later than November 19,

2010").)  Responses were due forty-five days after each request was served (Dkt. No. 92, at 5),

therefore from September 17, 2010, through September 30, 2010, well within the February 25,

2011 discovery deadline (Dkt. No. 95).  Defendants filed their motion for protective order on

September 14, 2010, after sending plaintiff, without response, a meet and confer letter on August

31, 2010.  The court finds that defendants acted in a timely manner in filing the instant motion.

    B.  Discovery Requests

        As noted by defendants, the discovery at issue is extensive.[3]  Plaintiff's Requests

---

   [3]  As summarized by defendants, and consistent with the court's review, the discovery at issue is as follows (Dkt. No. 103, at 3-5):

1.  First Request for Admissions to Defendant Gold (116 requests) (Defendants' Exhibit ("Ex.") A)
2.  First Request for Admissions to Defendant Williams (71 requests) (Ex. B)
3.  First Request for Admissions to Defendant Chapman (78 requests) (Ex. C)
4.  First Request for Admissions to Defendant Shannon (45 requests) (Ex. D)
5.  First Request for Admissions to Defendants Vance/Hill/Joseph (118 requests to Vance; 41 requests to Hill; 42 request to Joseph, for total of 201 requests) (Ex. E)
6.  First Request for Admissions to Defendants Jaffe/Kelly/Martin (101 requests) (Ex. F)
7.  First Request for Admissions to Defendant Morrow (64 requests) (Ex. G)
8.  First Request for Admissions to Defendant Garcia (52 requests) (Ex. H)
9.  First Request for Production of Documents to All Named Defendants (101 requests) (Ex. I)
10. First Set of Interrogatories to Defendant Williams (25 requests) (Ex. J)
11. First Set of Interrogatories to Defendant Chapman (25 requests) (Ex. K)
12. First Set of Interrogatories to Defendant Hill (25 requests) (Ex. L)
13. First Set of Interrogatories to Defendant Vance (25 requests) (Ex. M)
14. First Set of Interrogatories to Defendant Shannon (22 requests) (Ex. N)
15. First Set of Interrogatories to Defendant Joseph (25 requests) (Ex. O)
16. First Set of Interrogatories to Defendant Tenseth (20 requests) (Ex. P)
17. First Set of Interrogatories to Defendant Garcia (25 requests) (Ex. Q)
18. First Set of Interrogatories to Defendant Gold (25 requests) (Ex. R)
19. First Set of Interrogatories to Defendant Jaffe (25 requests) (Ex. S)
20. First Set of Interrogatories to Defendant Kelly (25 requests) (Ex. T)
21. First Set of Interrogatories to Defendant Martin (25 requests) (Ex. U)
22. First Set of Interrogatories to Defendant Watcher (20 requests) (Ex. V)
23. First Set of Interrogatories to Defendant Morrow (20 requests) (Ex. W)
24. Second Request for Admissions to Defendant Williams (194 requests) (Ex. X)
25. Third Request for Admissions to Defendant Williams (35 requests) (Ex. Y)
26. Second Request for Admissions to Defendants Jaffe/Kelly/Martin (136

1   for Production of Documents, Set One, and Set Two, were propounded on all defendants, while

2   plaintiff's Requests for Admissions and Interrogatories were served separately on each

3   defendant.  The court has reviewed the production requests in their entirety but, to expedite the

4   court's consideration, has reviewed only a random selection of plaintiff's Requests for

5   Admissions and Interrogatories.

6          1.  Interrogatories

7          Pursuant to Federal Rule of Civil Procedure 33, absent leave to serve additional

8   interrogatories, "a party may serve on any other party no more than 25 written interrogatories,

9   including all discrete subparts. . . . An interrogatory may relate to any matter that may be inquired

10   into under Rule 26(b).  An interrogatory is not objectionable merely because it asks for an

11   opinion or contention that relates to fact or the application of law to fact . . . ."  Fed. R. Civ. P.

12   33(a).

13          The court has randomly reviewed four of the fourteen contested sets of

14   interrogatories, specifically, the interrogatories served on defendants Chapman, Hill, Shannon,

15   and Kelly.  While clearly framed by a non-lawyer, the reviewed interrogatories are relevant to the

16   factual and legal issues in this case and, significantly, drafted specifically for each defendant with

17   very limited duplication.  The number of interrogatories served on each defendant is within the

18   limit authorized by Rule 33.

19          The court concludes that plaintiff should have the benefit of each defendant's

20   carefully considered answers to plaintiff's interrogatories.  The court will therefore require that

21   each defendant reasonably construe and answer the interrogatories served upon him or her; if

22   objections are made, they shall be narrowly and specifically drawn.

23   ////

24

25          requests) (Ex. Z)
        27.  Second Request for Production of Documents to All Named Defendants (24

26          requests) (Ex. AA)

7

1       2.  <u>Requests for Admission</u>

2               "A party may serve on any other party a written request to admit, for purposes of

3   the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

4   (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any

5   described documents."  Fed. R. Civ. P. 36(a)(1).

6               The court has reviewed plaintiff's First Requests for Admissions served on

7   defendants Gold, Williams and Garcia, as well as the combined Requests for Admissions served

8   on defendants Jaffee/Kelly/Martin, and the Second and Third Requests for Admissions served on

9   defendant Williams.  While plaintiff has attempted to make his requests specific to each

10  defendant, the requests are often compound or overbroad, speculative, vague or ambiguous, e.g.,

11  "Defendant Williams admit that . . . prison officers and officials were aware of inmate Hackett's

12  allegations against Captain S. Vance and Counselor P. Kennedy" (Request No. 48, Second

13  Request for Admissions to Williams, Dkt. No. 105-1, at 25); "Defendant Garcia admit that,

14  Captain S. Vance told Dr. Gaerlan, to tell plaintiff that 'If plaintiff felt threatened by said

15  officers' [t]hat AD-SEG-EOP was a placement option" (Request No. 10, First Request for

16  Admissions to Garcia, Dkt. No. 104-2, at 4); "Defendants Jaffe, Kelly, Martin admit that, Dr. K.

17  Kelly, had agreed to accept plaintiff into the Psychiatric Service Unit . . . [b]ecause plaintiff has

18  been diagnosed as having serious Post Traumatic Stress Disorder. . . ." (Request No. 2, First

19  Request for Admissions to Jaffee/Kelly/Martin, Dkt. No. 104-1, at 40).  In addition, the requests

20  often seek legal conclusions that undermine the entire request, e.g., "Defendant Brad Williams

21  admit that . . . plaintiff was illegally placed into Administrative Segregation Unit. . . ."  (Request

22  No. 50, First Request for Admissions to Williams, Dkt. No. 104, at 35); "Defendant Gold admit

23  that you allow some of your corrupted staff to engage in several forms of criminal misconduct. . .

24  ."  (Request No. 55, First Request for Admissions to Gold, Dkt. No. 104, at 12).  Several of

25  plaintiff's requests ask for verification of language contained in authoritative documents, e.g., the

26  California Penal Code and the Operations Manual for the  California Department of Corrections

8

and Rehabilitation—not only may the answers to these requests be obtained independently by plaintiff, but defendants should not be required to engage in such "busy work." These problems, coupled with the significantly large number of requests, render the requests overly burdensome to defendants.

The court will therefore grant defendants' motion for protective order relative to plaintiff's Requests for Admission. Plaintiff will be accorded the opportunity to prepare and serve amended admission requests upon each defendant, limited to 25 requests each.[4]

### 3. Requests for Production

Federal Rule of Civil Procedure 34 authorizes a party to request from any other party the production of designated documents or tangible things provided the request meets the following requirements. "The request: (A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1).

The court has reviewed plaintiff's Requests for Production of Documents (Sets One and Two) in their entirety. While the Requests are only generally challenged pursuant to defendants' Motion for Protective Order, defendant Brockett has served plaintiff with her responses to Set One, and is now before the court in opposition to plaintiff's motion to compel the production of specific documents identified therein. Brockett asks the court to defer ruling on plaintiff's motion as to Brocket until after the court rules on the other defendants' motion for protective order. In addition, Brockett requests that "if the court is inclined to compel production of documents . . . over defendant's objections that after an in camera review, a tightly drawn and extremely restrictive protective order be made to insure that Mr. Manago does not have unfettered access and control of the documents and that any personal information regarding Ms.

---

[4] Plaintiff is cautioned to make the requests straightforward without asking for legal conclusions.

1 | Brockett or any other peace officer be redacted before the documents are produced." (Dkt. No.
2 | 113, at 6-7.)

3 |           a.  First Production Request

4 |           This set (see Dkt. No. 104-2, at 13-32) includes 101 requests addressed to all
5 | defendants.  While at first glance the number appears excessive, review of the individual requests
6 | indicates otherwise.  Approximately 15 of the requests reasonably seek "all documents" that refer
7 | or relate to plaintiff's specifically identified, relevant inmate grievances (see, e.g., Request Nos.
8 | 41-44, 48, 65-74), while nearly 25 of the requests are narrowly limited to seeking production of
9 | confidential memoranda about these and other related matters (see, e.g., Request Nos. 25-28, 40,
10 | 75-92).  While some of the requests are broadly drafted, most may reasonably be construed by
11 | defendants to identify relevant and producible documents.  Defendant Brockett has demonstrated
12 | that the task is manageable, and it is for defendants in the first instance, not the court, to review
13 | and address each request in turn.

14 |           The court will therefore require that all defendants other than Brockett respond
15 | jointly to plaintiff's Request for Production of Documents (Set One).

16 |           b.  Second Production Request

17 |           Plaintiff's Request for Production of Documents (Set Two) consists of 24
18 | requests.  (See Dkt. No. 106-1, at 2-9.)  While some appear unduly broad, the court again
19 | concludes that defendants, not the court, should review and address the requests in the first
20 | instance.  Because defendants (other than Brockett) may respond jointly, the task is not as
21 | onerous as responding to plaintiff's individual discovery requests.

22 |           The court will therefore require that all defendants other than Brockett respond
23 | jointly to plaintiff's Request for Production of Documents (Set Two).  While most of the
24 | requested documents are likely to be in the possession or control of the custodial defendants
25 | rather than defendant Brockett, Brockett should separately respond to the request if she is served
26 | with it.

1          c. Defendant Brockett

2          Plaintiff moves to compel Brockett's production of documents responsive to

3   plaintiff's Request for Production of Documents (Set One), Request Numbers 1-4, 6, 10-20, and

4   101.  Brockett has filed an opposition to the motion (Dkt. No. 113), and plaintiff has filed a reply

5   (Dkt. No. 118).

6          Attached to her response, defendant Brockett included a privilege log which

7   provides in full (Dkt. No. 11, at 66):

8          The documents request[ed] in Requests 1, 2, 3, 4, 6, 10, 11, 12, 13, 14, 15, 16, 17,
           18, 19, 20, and 101 which were objected to based on privilege are identified as
9          follows:

10         Notice of Adverse Action dated March 18, 2004 signed by Chief Deputy Warden
           George Stratten and supporting materials.

11

12  Brockett represents to this court that "she is not in possession, custody or control of her personnel

13  file or the investigatory files.  The California Department of Corrections and Rehabilitation is."

14  (Dkt. No. 113, at 2.)  Brockett asserts that some responsive documents are protected by attorney-

15  client privilege and the work product doctrine because "acquired by her attorney during the

16  course of representing her in a State Personnel Board proceeding." (Dkt. No. 113, at 4.)  Brockett

17  concedes that she may not invoke the official information privilege because she proceeds as an

18  individual.  However, Brockett requests that the court review these documents in camera before

19  compelling their production and, if production is compelled, that it be accomplished pursuant to

20  a "tightly drawn and extremely restrictive protective order" according limited access of the

21  documents to plaintiff and then only if all personal information concerning Brockett or any other

22  peace officer is redacted  (Dkt. No. 113, at 6-7.)

23         Because defendant Brockett's alleged role in this action is critical, the court will

24  order the submission, in camera, of the documents Brockett has withheld based on the assertion

25  of privilege.  Following the court's review, the court will determine whether to require disclosure

26  to plaintiff of any withheld documents and, if so, the extent to which they should first be redacted

and whether a protective order should be issued.  The court will therefore defer consideration of plaintiff's motion to compel discovery from defendant Brockett.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Defendants' motion for protective order (Dkt. No. 103) is granted in part and denied in part;

2.  Plaintiff's motion to compel discovery of all defendants except Brockett (Dkt. No. 109) is granted in part; plaintiff's related motion for sanctions (Dkt. No. 109) is denied;

3.  The court defers ruling on plaintiff's motion to compel further discovery from defendant Brockett (Dkt. No. 111) pending an in camera review of the disputed documents;

4.  Defendants (other than Brockett) shall, within thirty days after the filing date of this order, serve plaintiff with a joint response to plaintiff's Requests for Production of Documents (Sets One and Two), and shall serve plaintiff with individual answers to Plaintiff's Interrogatories;

5.  Plaintiff may, within thirty days after service of this order, serve each defendant with an Amended Request for Admissions; defendants shall, within thirty days after service of such Amended Requests, serve their individual responses thereto;

6.  Defendant Brockett shall, within thirty days after the filing date of this order, submit to this chambers a copy of the privilege log noted above and the unredacted documents referenced by that privilege log; Brockett shall also, at the same time, submit a proposed protective order for the court's review in the event the court orders disclosure of some or all of the disputed documents;

////

////

////

////

12

7.  Plaintiff may, within fourteen days after service of this order, file a motion with this court requesting appointment of counsel (see n.1, supra).

SO ORDERED.

DATED:  December 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.mult.mtns.

13