IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

    Plaintiff,                    No. 2:07-cv-2290 LKK KJN P

    vs.

BRAD WILLIAMS, et al.,

    Defendants.              <u>ORDER</u>

_____/

        On December 6, 2010, this court ordered defendant Brockett to submit for in camera review the documents she withheld on the claim of privilege in responding to plaintiff's Request for Production of Documents, Set One. Defendant submitted these documents on January 5, 2011. Review by the court demonstrates that the documents (including audio files) are clearly relevant, outweighing defendant's privacy concerns, and that their disclosure should be made in unredacted form pursuant to a closely drawn protective order.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion to compel discovery (Dkt. No. 111) is granted.

        2. Defendant shall, within fourteen days after the filing date of this order, produce the documents and audio files responsive to plaintiff's Production Request Nos. 1-4, 6, 10-20, and 101 (identified by defendant as the "Notice of Adverse Action dated March 18, 2004, signed

by Chief Deputy Warden George Stratten and supporting materials"), hereafter designated "Confidential Material."

    3. Production of the Confidential Material shall be made to the Legal Affairs Office at plaintiff's current place of incarceration (presently, the California Correctional Institution, in Tehachapi, California); contemporaneous notice shall be provided plaintiff, who shall, within five days thereafter, be accorded a reasonable opportunity to review the documents, including a means for listening privately to the audio files.

    4. Production is made pursuant to the following protective order:[1]

        a. The documents and audio files, any information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from the disclosed documents, shall be used only for the prosecution, defense or settlement of this action, and for no other purpose.

        b. The Confidential Material may be disclosed or made available only to the court and its personnel, to counsel for a party (including paralegal, clerical and secretarial staff employed by such counsel), and to "qualified persons" as designated below:

            i. A party, or an officer, director or employee of a party, deemed necessary to aid in the prosecution, defense or settlement of this action;

            ii. Experts (and their clerical staff) retained by a party or counsel to assist in the prosecution, defense or settlement of this action;

            iii. Court reporter(s) employed in this action;

            iv. A witness at any deposition or other proceeding in this action.

            v. Prior to receiving any Confidential Material, each "qualified person" shall be provided a copy of this order and shall execute a uniform non-disclosure agreement drafted by defendants that is consistent with this order.

---

[1] The court substantially relies on the terms of the proposed protective order submitted by defendant.

    c. Plaintiff shall not allow any person not a party to this action, including, but not limited to, inmates housed in any correctional facility or any correctional staff (sworn or non-sworn) employed by the California Department of Corrections and Rehabilitation, to review any portion of the Confidential Material.

    d. Plaintiff shall not discuss the contents of the Confidential Material, nor transmit, either verbally or electronically, any portion of the Confidential Material, including any summaries, copies, abstracts or other documents derived in whole or in part from the Confidential Material, to any person not a party to this action, including, but not limited to, any inmate housed in a correctional facility or any correctional staff member (sworn or non-sworn) employed by the California Department of Corrections and Rehabilitation who is not designated a "qualified person."

    e. The Confidential Material, including all summaries, copies, abstracts or other documents derived therefrom in whole or in part, shall be kept in the Legal Affairs Office at plaintiff's place of incarceration, and shall be made reasonably available to plaintiff in the institution's law library or other reasonable place designated by the institution. When not in use by plaintiff, the Confidential Material, and related materials prepared by plaintiff, shall be maintained in the Legal Affairs Office.

    f. No portion of the Confidential Material shall be disclosed to the public or to any person not a party to this action, except as authorized by the court.

    g. Upon termination of this case, plaintiff shall, within fourteen days, assemble and return to defendant Brockett or her attorney all of the Confidential Material, including any copies thereof.

////

////

////

////

1    5.  Defendant shall, within seven days after the filing date of this order, pick up from the public counter of the Clerk of Court the Confidential Material (documents and audio files) submitted to the court for in camera review.

DATED: January 14, 2011

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.IC.Rev.PO