IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

Plaintiff, No. 2:07-cv-2290 LKK KJN P

vs.

BRAD WILLIAMS, et al.,

Defendants. ORDER

_____________________________/

Plaintiff moves to compel further discovery (Dkt. No. 129), and to obtain a court order directing the Legal Affairs Office at plaintiff's place of incarceration (the California Correctional Institution ("CCI") in Tehachapi) to permit plaintiff additional time to review specified documents (Dkt. No. 128). Plaintiff timely filed his motions before expiration of the discovery deadline on February 25, 2011. (See Dkt. No. 95.) For the reasons that follow, the court denies both motions.

On December 6, 2010, this court considered defendants'[1] motion for a protective order in response to extensive discovery served by plaintiff (27 separate sets of discovery requests, including Requests for Admissions, Interrogatories and Production Requests), in

[1] Unless otherwise noted, the term "defendants" herein refers to all defendants except defendant Brockett.

tandem with plaintiff's motion to compel discovery and for sanctions. (Dkt. No. 124.) The court partially granted the motions of both plaintiff and defendants, and ordered, in pertinent part, that defendants serve plaintiff with a joint response to plaintiff's Requests for Production of Documents (Sets One and Two), and serve individual answers to Plaintiff's Interrogatories. (Id. at 12.) Defendants timely served the joint response to plaintiff's production requests,[2] and obtained an extension of time to February 2, 2011, to complete service of their individual answers to plaintiff's Interrogatories. (Dkt. Nos. 125, 126.) Meanwhile, the court reviewed in camera the documents withheld by defendant Brockett, and ordered their production pursuant to a protective order. (Dkt. Nos. 124, 126, 127.)

Motion to Compel

Plaintiff moves to compel (Dkt. No. 129) further production of documents responsive to his Requests for Production of Documents (Sets One and Two) (a total of 125 requests). Defendants aver that they responded to these requests by producing 3,147 pages of documents representing all responsive documents within their possession, custody or control, notwithstanding their assertion of "all applicable objections." (Dkt. No. 131, at 2.) Plaintiff challenges defendants' assertions of privilege under the "Official Information Act" and "State Confidential Information Privilege," citing Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995), and Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N. D. Cal. 1987), and challenges defendants' representations that some requested documents are not in their possession, custody or control. Under Soto and Kelly, the courts must conduct a case-by-case balancing analysis, weighing the interests of the party seeking discovery against the interests of the governmental entity asserting the privilege, which must make a threshold showing in support of the privilege

[2] Plaintiff asserts that defendants' responses to his production requests were untimely, asserting that defendants thereby waived any objections. This contention is without merit. Defendants represent that they provided their responses within the thirty-day deadline set by this court's December 6, 2010 order, serving such responses on December 31, 2010, by overnight delivery. (See Dkt. No. 131, at 5; Dkt. No. 131-1, at 23.)

pursuant to an affidavit from a responsible official. Neither party has submitted copies of defendants' responses setting forth the contested objections.

As summarized by plaintiff, at issue are his requests for "all internal investigation reports, investigative reports, inmate complaints, staff complaints, regarding the use of force or staff misconduct against any and all named defendants, which is relevant and/or material to this cause of action." (Dkt. No. 129, at 44.) Defendants have submitted correspondence from plaintiff indicating that he particularly seeks his medical and psychiatric records from his central file.

Defendants maintain that they have produced all requested documents within their possession, custody or control, conceding that they did not originally subpoena plaintiff's entire central file because it is "extremely voluminous," but instead sought only documents "likely [to] be relevant (i.e. time frame, types of documents, etc.)" to the instant case. (Dkt. No. 131, at 2, n.1.) Counsel notes that no defendant works at plaintiff's current place of incarceration, which houses plaintiff's central file, and emphasizes that plaintiff is entitled to request an "Olsen review" of his file to review and copy pertinent documents on his own. Defendants have also submitted some of plaintiff's correspondence which indicates that he has alternate means for obtaining additional information, viz., plaintiff's putative "legal team" (see e.g. Dkt. No. 131-1, at 4 (wherein plaintiff notes that he has copied his correspondence to his three lawyers)). Defendants assert that plaintiff's correspondence also demonstrates that he has already obtained documents from his central file, as he is in possession of documents which defendants assert they do not have. (See Dkt. No. 131-1, at 4-12.)[3]

For the reasons stated by defendants, plaintiff's motion to compel further

[3] Plaintiff's statements that he released his medical files as a member of the classes in "Madrid" (Madrid v. Gomez, Case No. 90-cv-3094 THE (N.D. Cal., filed Oct. 26, 1990), a class action challenging procedures and policies at Pelican Bay State Prison), and "Coleman" (Coleman v. Schwarzenegger, Case No. 90-cv- 0520 LKK JFM (E. D. Cal., filed May 14, 1990), a class action challenging the adequacy of mental health care provided to California state inmates) (Dkt. No. 131-1 at 2), are immaterial to this action.

production of documents is denied. Defendants can produce only those documents within their possession, custody or control, and cannot be required to obtain documents from plaintiff's central file that they have not deemed relevant to this action. Moreover, based on defendants' representation that they have produced all documents within their possession, custody or control, notwithstanding assertion of the official information privilege, plaintiff's challenge to the latter is moot.

Motion for Court Order

Plaintiff seeks an order of this court directing the CCI Legal Affairs Office to permit plaintiff to review the documents produced by defendant Brockett "two (2) time[s] a week for two hours . . . including a means for listening privately to the audio files in order for plaintiff to prepare his case, without any harassments, and/or delays." (Dkt. No. 128, at 8). The pertinent provision of the protective order provides (Dkt. No. 127, at 3):

> The Confidential Material . . . shall be kept in the Legal Affairs Office at plaintiff's place of incarceration, and shall be made reasonably available to plaintiff in the institution's law library or other reasonable place designated by the institution. When not in use by plaintiff, the Confidential Material, and related materials prepared by plaintiff, shall be maintained in the Legal Affairs Office.

The court declines to direct the Legal Affairs Office, which has significant competing considerations, as to the frequency and duration of plaintiff's access to the subject material. Plaintiff should be given sufficient access to the material to assess its relevance and probative value, including the opportunity to take adequate notes, and should be provided a means for listening privately to the audio material.

Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (Dkt. No. 129) is denied;

2. Plaintiff's Motion for Court Order (Dkt. No. 128) is denied without prejudice; staff at CCI's Legal Affairs Office should review the pertinent terms of the Protective Order

(Dkt. No. 127), and the instant order, in according plaintiff reasonable access to the subject Confidential Material, which is necessary for the prosecution of this action; and

3. Discovery closed in this action on February 24, 2011; the parties are reminded that the deadline for filing dispositive motions is May 20, 2011. (See Dkt. No. 95.)

DATED: March 4, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.disc.feb.2011