IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                       No. 2:07-cv-2290 LKK KJN P

     vs.

BARD WILLIAMS, et al.,

      Defendants.                <u>ORDER</u>

          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, in this action filed pursuant to 42 U.S.C. § 1983. Discovery closed in this action on February 24, 2011, and the deadline for filing dispositive motions is May 20, 2011. Presently pending is plaintiff's motion for contempt of court and for sanctions (Dkt. No. 136), and his motion seeking discovery sanctions against defendants (Dkt. No. 143). For the following reasons, the court denies both motions.

          On December 6, 2010, this court ordered, in pertinent part, that defendant Brockett submit for in camera review the documents and audio files she had withheld based on an assertion of privilege. (Dkt. No. 124 at 11-12.) On January 18, 2011, following the court's review of the documents and audio files, the court ordered disclosure of the materials in unredacted form pursuant to a closely drawn protective order. (Dkt. No. 127.) That order

1

required production to the Legal Affairs Office at plaintiff's place of incarceration, the California Correctional Institution ("CCI"), and directed that plaintiff be accorded a reasonable opportunity to review the documents, including a means for listening privately to the audio files. (Id.) On March 7, 2011, the court again directed the Legal Affairs Office to provide plaintiff with "sufficient access to the material to assess its relevance and probative value, including the opportunity to take adequate notes, and . . . a means for listening privately to the audio material." (Dkt. No. 134, at 4.)

In his pending motion, plaintiff asserts that the confidential material was improperly "released" to the possession of Correctional Officer K. Cannon, by CCI Litigation Coordinator D. Lilles, for the purpose of arranging plaintiff's review of the materials. (Dkt. No. 136.) Plaintiff asserts that he was required to listen to the subject audio files in the office and presence of Cannon, and that other officers stopped by during the process. Plaintiff asserts that he was kept handcuffed while listening to the audio files, which interfered with his ability to take notes; plaintiff contends that he should have been accorded the privacy of a library holding cell, without handcuffs, in order to take adequate notes. Plaintiff asserts that this arrangement interfered with his concentration, as did the fact that plaintiff has filed several staff complaints against Cannon. Plaintiff also asserts that he was never provided with a list identifying the confidential material, which impaired his review, and that one of the audio files did not work. (Id. at 19, ¶ 61.)

The undersigned finds that plaintiff's access to the subject materials was adequate and in substantial compliance with the orders of this court, including the protective order. Plaintiff was given a pair of headphones (Dkt. No. 136 at 15, ¶ 35), and thus permitted to listen privately to the audio files. Although handcuffed, plaintiff was permitted to take notes. Because listening to the audio files required the use of equipment for which prisoners are not routinely provided access, this court necessarily defers to the considerations and decision of CCI that the equipment be made available to plaintiff in Cannon's office, rather than in a library holding cell.

1  In contrast, plaintiff was provided access to a library holding cell, without handcuffs, when he
2  reviewed the written materials. (Id. at 14-15, ¶¶ 30-33.) While it is unfortunate that plaintiff felt
3  uncomfortable by Cannon's presence and because other staff looked in, such discomfort is
4  unavoidable in an institutional setting and certainly not actionable.
5       The court emphasizes that the primary purpose of the protective order was and is
6  to protect the privacy interests of defendant Brockett, not plaintiff.  However, Brockett's counsel
7  has entered no objection based on the facts alleged by plaintiff, underscoring the court's finding
8  of substantial compliance with the protective order.
9       Plaintiff may nonetheless request of Brockett's counsel, without the involvement
10 of the court, a list identifying the confidential material, and a copy of the audio file that
11 purportedly does not work, although the latter must be confirmed by correctional staff before
12 making the request.
13      One more matter requires the court's attention.  Plaintiff has filed a separate
14 motion seeking discovery sanctions against defendants. (Dkt. No. 143.)  With exhibits, the
15 motion is 368 pages in length.  Because the motion, filed March 27, 2011,[1] was filed after the
16 discovery deadline of February 24, 2011, the motion is denied as untimely.  The court will
17 consider no further discovery motions.
18 ////
19 ////
20 ////
21 ////
22 ////
23

---

24  [1] The motion was file-stamped on March 31, 2011.  Plaintiff is given the benefit of the "mailbox rule."  See Rule 3(d), Rules Governing Section 2254 Cases in the United States District
25 Courts (filing date is date of deposit in institution's internal mailing system); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions
26 alike").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed March 14, 2011 (Dkt. No. 136) is denied; and

2. Plaintiff's motion file-stamped March 31, 2011 (Dkt. No. 143) is denied.

DATED: April 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.mtn.cntmpt.amd