IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                  No. 2:07-cv-2290 LKK KJN P

    vs.

BRAD WILLIAMS, et al.,

      Defendants.        ORDER

_____/

        Plaintiff has filed two discovery motions after the close of discovery. (Dkt. Nos. 145, 146.) As the court stated in its last order, discovery closed on February 24, 2011, and "[t]he court will consider no further discovery motions." (Dkt. No. 144 at 3.) The dispositive motion deadline is May 20, 2011, and no further matters should be filed with the court except the parties' dispositive motions and responses thereto. Plaintiff was previously warned that his extensive filings in this case have posed a significant and often unwarranted burden on the court. As the court stated in its order filed July 21, 2010 (Dkt. No. 93 at 14):

> Plaintiff has, to date, filed fourteen cases in this court; all but the instant case are now closed. This action has survived a motion to dismiss and proceeds on the merits on potentially, facially compelling facts. However, the progress of this case has been impeded by plaintiff's frequent and often legally frivolous filings. This action is not the only case before this court, yet it has required an inordinate amount of the court's time, often to address superfluous matters.

1

1  Plaintiff is hereby formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Tripati v. Beaman</u>, 878 F2d 351, 352 (10th Cir. 1989). The court finds excessive the number of matters plaintiff has filed to date and therefore due consideration will be given whether to restrict plaintiff's access to the court if he does not exercise appropriate restraint in the future.

Plaintiff was reminded of this admonishment in the court's order filed December 6, 2010 (Dkt. No. 124, at 2-3), and invited to file a motion seeking appointment of counsel for the court's consideration (<u>id.</u> at 1 n.1, 13). Plaintiff ignored the court's invitation, but has continued to inundate the court with excessive filings, many of which have been legally frivolous or appear to have been intended to harass defendants.

Plaintiff is now admonished that he is precluded from filing further discovery motions in this action. Plaintiff should instead prepare and file any reasonable dispositive motion, and/or await and prepare a timely responsive pleading to any dispositive motion that may be filed by defendants. Failure to abide by this admonishment may result in the imposition of monetary sanctions and/or pre-filing restrictions, or the dismissal of this action. <u>See</u> Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's untimely discovery motions (Dkt. Nos. 145, 146) are denied.

SO ORDERED.

DATED: April 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.warn