IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

      Plaintiff,                          No. 2:07-cv-2290 LKK KJN P

   vs.

BARD WILLIAMS, et al.,

      Defendants.                    ORDER

_____/

        Plaintiff moves for an order of this court appointing Los Angeles attorney Ollie P. Manago as "advisory counsel" to plaintiff for purposes which include the following: to have access to and/or possession of plaintiff's confidential legal materials in order organize and index the materials; to type, according to court-pleading standards, plaintiff's handwritten work product; to make copies and serve legal papers; to photocopy cases identified by plaintiff; to locate and interview potential witnesses; and to meet with plaintiff in a confidential setting.

        As plaintiff acknowledges, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright,

1

900 F.2d 1332, 1335-36 (9th Cir. 1990).

Plaintiff was previously advised that this court would consider a request for appointment of counsel. (Dkt. No. 124 at 1 n.1, 13.) That order, filed December 6, 2010, emphasized that "[i]n the present case, exceptional circumstances may exist due to the rulings herein requiring limited disclosure of privileged documents for in camera review and for consideration of a protective order." (Id. at 1 n.1.) Plaintiff was reminded of this advisement when the court admonished plaintiff for burdening the court with excessive filings (Dkt. No. 148 at 2), many of which challenged the procedures instituted by plaintiff's place of incarceration in an effort to accommodate his need to review privileged documents, including audio recordings.

Plaintiff's current request for appointment of a specific attorney, to act in a very limited capacity at the primary direction of plaintiff, is not the type of appointment authorized by this court. While the court occasionally appoints attorneys for a limited purpose (e.g., settlement or mediation), an attorney is not assigned to act in a legal-assistant capacity. Moreover, while this court's review indicates that Ollie Manago is currently a member in good standing of the State Bar of California, and is admitted to practice in the United States District Court for the Eastern District of California, she has neither sought appointment to this court's Pro Bono Panel, nor filed a declaration in support of plaintiff's instant motion indicating her willingness to accept appointment on behalf of plaintiff. The court emphasizes, however, that even if Ms. Manago fulfilled these matters, plaintiff's current request for appointment of "advisory counsel" falls outside the parameters authorizing appointment of counsel by this court.

Accordingly, IT IS HEREBY ORDERED that plaintiff's instant motion (Dkt. No. 152) for appointment of Ollie P. Manago as "advisory counsel" herein, is denied without prejudice.

The court further notes that plaintiff's remaining motions have been resolved by prior orders of this court, and should be so designated by the Clerk of Court. Plaintiff's motion for an extension of time within which to file a dispositive motion (Dkt. No. 151) is denied as

moot; by order filed April 26, 2011 (Dkt. No. 150), the deadline for all parties to file dispositive motions was extended to September 2, 2011. Plaintiff's motion for sanctions (Dkt. No. 153) is also denied as moot; the matters raised in that motion were addressed in this court's order filed April 11, 2011 (Dkt. No. 144), and plaintiff has been admonished to file no more discovery motions (Dkt. No. 148).

SO ORDERED.

DATED: May 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.mtn.appt.etc.