IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                   No. 2:07-cv-2290 LKK KJN P

   vs.

BRAD WILLIAMS, et al.,

        Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in this civil rights action. Discovery closed on February 24, 2011, although the court thereafter addressed several discovery disputes. Defendants have filed two motions for summary judgment. (Dkt. No. 164 (filed by all defendants except Brockett); Dkt. No. 183 (defendant Brockett).) Plaintiff has filed an opposition, which appears to address both motions. (Dkt. No. 190.) The following matters are presently pending: (1) plaintiff's request for leave to file a discovery motion, pursuant to which he seeks (a) additional information and sanctions against defense counsel for the belated production of documents, and (b) the opportunity to listen to two CDs/audio files, previously disclosed but deemed inoperable (Dkt. No. 188); and (2) defendants' requests for an extension of time within which to file their replies, coupled with their requests to obtain and review the audio files referenced in plaintiff's opposition (Dkt. Nos. 195, 196).

1

The court acknowledges plaintiff's deference to this court's order filed April 21, 2011, directing plaintiff to refrain from filing further discovery motions (Dkt. No. 148 at 2), and thus chooses to address plaintiff's request. Defendants' related requests are also addressed herein.

SUPPLEMENTAL DISCOVERY

Plaintiff initially asserts that, on October 20, 2011, counsel for defendant Joseph served plaintiff with a supplemental discovery response that had allegedly been purposefully withheld, and includes new information that one of plaintiff's witnesses, inmate Hackett, has died. Plaintiff asserts that "this prove[s] that attorney Hewitt has withheld relevant information, which prove perjury against some of her defendants before [the] court . . ." (Dkt. No. 188 at 2), and seeks further information concerning the death of inmate Hackett.

Defendants' counsel (Hewitt) has filed a response, wherein she states that defendant Joseph was merely complying with the requirement of Federal Rule of Civil Procedure 26(e), by supplementing his responses to plaintiff's production requests, with "two additional documents that [Joseph] recently discovered after unpacking boxes which had been packed away during the course of a move." (Dkt. No. 189 at 1.) Plaintiff has asserted no basis on which to infer that defendant Joseph or his counsel acted improperly. The discovery rules specifically allow for the belated disclosure of supplemental discovery. See Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a). . . must supplement or correct its disclosure or response: (A) in a timely manner if that party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process. . . ."). Plaintiff's request to file a discovery motion based on these circumstances is therefore denied.

However, defendants' counsel (Hewitt) is directed to provide plaintiff with any pertinent information concerning the circumstances of inmate Hackett's death; counsel shall, if

necessary, contact the office of the California Attorney General and/or the California Department of Corrections and Rehabilitation ("CDCR"), to obtain such information.

CDS/AUDIO FILES

Plaintiff also seeks to listen to two CDs containing audio files, previously ordered disclosed by this court, which could "not transfer to [the] MP3 player" that was previously made available to plaintiff. (Dkt. No. 188 at 1-3.) The audio files track the proceedings underlying defendant Brockett's termination of employment from CDCR. Pursuant to an in-camera review, the court determined that the audio files and related documents ("Confidential Material") were responsive to several of plaintiff's production requests, and ordered their disclosure, subject to the court's protective order. (Dkt. No. 127.) Plaintiff's access to the Confidential Material was reinforced by orders of court filed March 7, 2011 (Dkt. No. 134 at 4), and April 11, 2011 (Dkt. No. 144). The latter order, noting expiration of the discovery deadline, directed in pertinent part that plaintiff "request of Brockett's counsel, without the involvement of the court, a list identifying the confidential material, and a copy of the audio file that purportedly does not work . . . confirmed by correctional staff before making the request." (Dkt. No. 144 at 3). Plaintiff's instant request includes a copy of a subsequent, August 2011 staff response to plaintiff's inquiry concerning the audio files, which indicates that two CDs (apparently containing audio files 1-10, and 11-19), would not transfer to the MP3 player. (Dkt. No. 188 at 3, 4.)

Meanwhile, counsel for all defendants have filed motions to extend the filing deadline for their replies, due to the extensive nature of plaintiff's opposition,[1] and defendants' requests to review the audio files referenced in the opposition. While the protective order accords each party and their counsel access to the subject audio files, without leave of court, the order directed that the materials be held by the Legal Affairs Office at plaintiff's place of

---

[1] Defendants note that plaintiff's opposition is nearly 2000 pages long and includes 334 exhibits.

incarceration pending the conclusion of this case. (Dkt. No. 127 at 2-4.) Apparently, given the participation of defendant Brockett's counsel in this motion, there are no duplicate materials.

For these several reasons, the court directs the Legal Affairs Office to find an alternate means for ensuring that plaintiff listens to the remaining CDs/audio files, subject to the conditions previously set forth by this court (e.g., "[p]laintiff should be given sufficient access to the material to assess its relevance and probative value, including the opportunity to take adequate notes, and should be provided a means for listening privately to the audio material." (Dkt. No. 134 at 4.) Thereafter, the Legal Affairs Office is directed to return all Confidential Material to counsel for defendant Brockett, who shall share the Material with counsel for the other defendants. The court will thereafter grant defendants' request for an extension of time within which to file a reply; in addition, because plaintiff will hear new evidence, plaintiff will be granted leave to file a brief surreply (no more than 10 pages, including exhibits).

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to file a discovery motion (Dkt. No. 188) is denied in part and granted in part.

2. Plaintiff's request for leave to file a motion seeking discovery sanctions is denied; the remainder of plaintiff's request is construed as a motion for discovery, and granted as follows:

    a. Counsel for defendants (Hewitt) shall, within fourteen (14) days after the filing date of this order, provide plaintiff with any pertinent information concerning the circumstances of death of plaintiff's witness, inmate Hackett; if necessary, counsel shall obtain such information from the office of the California Attorney General and/or CDCR; and

1        b. The Legal Affairs Office of the California Correctional Institution, in
2  Tehachapi, California, is directed to:
3        i. Within fourteen (14) days after the filing date of this order, accord
4  plaintiff, by any reasonable means, the opportunity to listen to the
5  CDs/audio files referenced herein, review any related confidential
6  material, and take notes;[2] and
7        ii. Within seven (7) days thereafter, return all Confidential Material to
8  counsel for defendant Brockett (Kruger), who shall timely make the
9  appropriate arrangements.
10 3. Defendants' separate motions (Dkt. Nos. 195, 196) are granted, as follows:
11 a. Counsel for defendant Brockett (Kruger) shall immediately notify this court in
12 writing when he obtains the Confidential Material; and
13 b. Thereafter, all defendants shall have fourteen (14) days within which to review
14 the Confidential Material, including the subject CDs/audio files, and to file and
15 serve their respective replies.
16 4. Within fourteen (14) days after service of defendants' replies, plaintiff may
17 file one surreply that is no more than ten (10) pages in length, including exhibits; as with
18 plaintiff's opposition, the filing of the surreply shall constitute service on defendants.
19 IT IS SO ORDERED.
20 DATED: November 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.11.28.11

---

[2] Should the Legal Affairs Office be unable, for any reason, to execute this directive, a representative of the Office shall so inform the court in writing within fourteen (14) days after the filing date of this order.

5