IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

Plaintiff, No. 2:07-cv-2290 LKK KJN P

vs.

BRAD WILLIAMS, et al.,

Defendants. ORDER

______________________________/

Plaintiff seeks reconsideration of this court's order filed November 30, 2011. In addition, defense counsel seeks an order directing plaintiff to cease corresponding with counsel without court preauthorization.

RECONSIDERATION OF NOVEMBER 30, 2011 ORDER

Plaintiff seeks reconsideration of this court's recent ruling which, in pertinent part, denied plaintiff's request for sanctions and additional discovery materials, with the exception of two audiotapes ordered disclosed and any related confidential material. (Dkt. No. 199.) Plaintiff again contends that the recent supplemental production of documents by Shanan Hewitt, defense counsel for all defendants except defendant Brockett, demonstrates that Ms. Hewitt misled the court and plaintiff in her prior representations that she had produced all relevant discovery. The court previously rejected this contention on the ground that the Federal

Rules of Civil Procedure expressly provide for the supplemental production of discovery that was previously and inadvertently overlooked.

Discovery closed in this action on February 24, 2011, although limited extensions of time were accorded for specific matters. Dispositive motions are now pending. Defendants filed two motions for summary judgment (the motion on behalf of the majority of the defendants was filed by Ms. Hewitt on October 28, 2011); and plaintiff filed oppositions to each motion. In the court's last order, an extension of time was granted to enable plaintiff to listen to the subject audiotapes and to review related confidential material, and for the filing of defendants' reply briefs; the court also granted plaintiff leave to file a surreply. With the exception of this limited evidence, ALL relevant discovery should have been disclosed by this date.

In support of his motion for reconsideration, plaintiff has attached a copy of defendants' supplemental response, served on plaintiff on October 20, 2011. That response includes language which indicates that defendants have not yet completed discovery. (See Dkt. No. 204 at 19.) While some of this language appears to be "boilerplate," additional language appears specific to the supplemental disclosure.[1] None of these statements are appropriate at this

---

[1] Defendants' supplemental response provides in pertinent part (Dkt. No. 204 at 19):

> It should be noted that responding party has not fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for the trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding party, and relating to this case and disclose only those contentions which presently occur to responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.
>
> The following responses to plaintiff's first request for production of documents are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which

stage of the litigation. The language is confounding to the undersigned, as well as plaintiff, who understandably remains unconvinced that all relevant evidence has been disclosed. Accordingly, the court will require Ms. Hewitt, and each of the defendants she represents, to file declarations stating, under penalty of perjury, that each defendant has produced all relevant evidence; in addition, Ms. Hewitt shall inform the court whether defendants' motion for summary judgment, which includes approximately 1000 pages of exhibits, is based only upon evidence that has been previously disclosed and produced to plaintiff. Defendant Brockett and her counsel, Mark Kruger, will be required to do the same.

The undersigned takes seriously plaintiff's claims in this action; defendant Brockett's alleged misconduct apparently resulted in her dismissal, and also underscores the seriousness of the other defendants' alleged related conduct. This is a factually and legally complex case that has required extraordinary court involvement. Plaintiff proceeds without counsel (although he has been invited to request appointment of counsel (see Dkt. Nos. 155, 148, 124)), and is further disadvantaged by his incarceration and regimented access to pertinent documents. Plaintiff should not be further handicapped by discovery that trickles in, particularly in tandem with a disclaimer that there may still be additional relevant evidence. If there currently exists any additional relevant evidence, defendants shall disclose and produce such evidence to plaintiff, when defendants serve their statements of compliance and supporting declarations. See Fed. R. Civ. P. 11; Local Rule 110. Failure, at this time, to disclose all relevant evidence may result in a recommendation by the undersigned that any purportedly new evidence be excluded at trial, as well as other potential sanctions.

---

she may later recall. Responding party accordingly reserves the right to change any and all responses here as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of responding party in relation to further discovery, research or analysis.

REQUEST FOR ORDER PRECLUDING CORRESPONDENCE

In a separate matter, Ms. Hewitt has filed a request that the court order plaintiff to cease corresponding with defense counsel without court preauthorization. In an affidavit supported by documentation, counsel states that plaintiff's correspondence includes accusations and threats such as the following:

> I know criminal behavior when I observe, but I can assure you that, you will regret it in the long run. (Dkt. No. 202, Ex. 1, p. 1.)
>
> You must remember when you do foul moves, it will come back on you. (Id., Ex. 2, p. 2.)

Plaintiff is informed that such communications are not authorized by the Federal Rules of Civil Procedure or Local Rules; moreover, they are sanctionable. Available sanctions include dismissal of the underlying action. See Fed. R. Civ. P. 11;[2] Local Rules 110,[3] 183(a).[4]

The court has previously admonished plaintiff to stop burdening the court with excessive filings. (See Dkt. No. 148.) Plaintiff is again admonished to refrain from filing such documents with the court, and is further admonished to stop sending correspondence to defense counsel. With this order, there should remain no further discovery disagreements, and hence no reason for correspondence among the parties. The extended deadlines for completing the briefing on defendants' pending motions for summary judgment have been set. Pending a decision of this court on those motions, there is no reason for plaintiff to further communicate

---

[2] Fed. R. Civ. P. 11(c) authorizes the imposition of sanctions for conduct by counsel "or unrepresented party" that includes the submission of written matters "presented for any improper purpose, such as to harass . . . ."

[3] Local Rule 110 provides in full: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

[4] Local Rule 183(a) provides in pertinent part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."

with defense counsel, and no authority for any further court filing other than the authorized surreply. Plaintiff is informed that failure to abide by this directive may result in the imposition of appropriate sanctions.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Dkt. No. 204), is denied, subject to the following additional rulings:

a. Within twenty-one days after the filing date of this order, defense counsel shall each file a statement of compliance with this order, that contains the following:

1. A sworn declaration by each defense counsel, supported by the separate sworn declarations of each defendant whom counsel represents, that informs the court whether all defendants have produced all relevant evidence; in addition, defense counsel shall each inform the court whether their respective motions for summary judgment are based only upon evidence that has been previously disclosed and produced to plaintiff; and

2. Should there exist any additional relevant evidence that has not yet been disclosed to plaintiff, the evidence shall be produced to plaintiff in tandem with service of each counsel's statements and supporting declarations; if additional evidence is disclosed, defense counsel shall so inform the court, and provide a description of the newly disclosed evidence and the reasons for its late disclosure.

3. The request of defense counsel (Dkt. No. 202), for an order directing plaintiff to refrain from further communicating with counsel, is granted in part. Plaintiff is directed to refrain from sending any further correspondence to either defense counsel or any defendant. Plaintiff is also directed to refrain from filing further documents in this case, with the exception of his authorized surreply.

////

////

SO ORDERED.

DATED: December 16, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.admonish.