IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                      No. 2:07-cv-2290 LKK KJN P

    vs.

BRAD WILLIAMS, et al.,               ORDER

        Defendants.

_____/

        Plaintiff has filed a "Motion for Authorization to Inform the Court of Attorney Kruger's [Alleged] Violations with the Documents and Audiofiles." (Dkt. No. 227.) Plaintiff alleges therein that he "has not been allowed access to the documents[,] files and audio files, since January 12, 2012," and was informed by legal affairs officer K. Cannon that these items are not at plaintiff's place of incarceration, the California Correctional Institution ("CCI"). Plaintiff requests permission of the court to further address this matter, due to the court's prior instruction that plaintiff refrain from filing any further documents in this court, or from corresponding with defense counsel, without prior court authorization. (See Dkt. No. 211 at 1-2; Dkt. No. 206 at 4-5.)

        On January 18, 2011, following an in-camera review, this court determined that all audio files and documents related to the termination of defendant Mary Brockett by the

1

California Department of Corrections and Rehabilitation (designated "Confidential Material") were relevant to this action and responsive to plaintiff's production requests. (Dkt. No. 127.) The court ordered the disclosure of this "Confidential Material" pursuant to a protective order that provided, in pertinent part, that the material would remain at CCI's Legal Affairs Office until the termination of this action.[1] Plaintiff's access to the Confidential Material was reinforced by orders of court filed March 7, 2011 (Dkt. No. 134 at 4), April 11, 2011 (Dkt. No. 144), and November 30, 2011 (Dkt. No. 199).

By order filed November 30, 2011, this court directed the CCI Legal Affairs Office to find an alternate means for ensuring that plaintiff could listen to two "Confidential Material" compact discs (containing audiofiles 1-10 and 11-19), that were previously deemed "inoperable" because they could not be transferred to the MP3 player initially provided plaintiff; the court also directed the Legal Affairs Office to permit plaintiff to review any related confidential material, and allow plaintiff to take notes regarding both the audio and written materials. (Dkt. No. 199 at 3-5). In response to the requests of all defendants to further review the Confidential Material, the court directed that the Legal Affairs Office, after according plaintiff the opportunity described above, return all Confidential Material to counsel for defendant Brockett (Mr. Kruger), who was in turn directed to share the Confidential Material with counsel for the other defendants. (Id.) Mr. Kruger was directed to inform the court when he

---

[1] The protective order provided in pertinent part (Dkt. No. 127 at 3):

    e.    The Confidential Material, including all summaries, copies, abstracts or other documents derived therefrom in whole or in part, shall be kept in the Legal Affairs Office at plaintiff's place of incarceration, and shall be made reasonably available to plaintiff in the institution's law library or other reasonable place designated by the institution. When not in use by plaintiff, the Confidential Material, and related materials prepared by plaintiff, shall be maintained in the Legal Affairs Office. . . .

    g.    Upon termination of this case, plaintiff shall, within fourteen days, assemble and return to defendant Brockett or her attorney all of the Confidential Material, including any copies thereof.

obtained the Confidential Material, and defendants were thereafter accorded fourteen days within which to file their replies to plaintiff's oppositions to defendants' pending motions for summary judgment; plaintiff was granted fourteen days thereafter to file a surreply. (Id. at 5.)

On January 26, 2012, Mr. Kruger signed and filed a "Notice of Receipt and Transmittal of Confidential Material," wherein he stated, without providing a further date, that he had obtained the material and transmitted it to counsel for the remaining defendants. (Dkt. No. 219.) Defendant Brockett filed her reply on February 9, 2012 (Dkt. No. 220); the remaining defendants filed their reply on the same date (Dkt. No. 226).

To date, plaintiff has not filed a surreply, but instead filed the instant motion. As previously noted, plaintiff states that he has not had access to the Confidential Material since January 12, 2012. Presumably, the Confidential Material remains in the possession of defense counsel. Therefore, the court directs the temporary return of the Confidential Material to CCI, and accords plaintiff an extension of time within which to file a surreply.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for defendant Brockett (Mr. Kruger) shall, within seven days after the filing date of this order, deliver all Confidential Material to the CCI Legal Affairs Office, and shall, within three days thereafter, file a notice of compliance with this court.

2. The CCI Legal Affairs Office shall, within fourteen days after receipt of the Confidential Material, accord plaintiff up to six hours of access to the Confidential Material, including audiofiles and related documents.

3. Within twenty-one days after the filing date of this order, plaintiff may file a surreply to the pending motions for summary judgment that is no more than ten pages in length, including exhibits; as with plaintiff's opposition, the filing of the surreply shall constitute service on defendants.

4. Within twenty-eight days after the filing date of this order, counsel for defendant Brockett (Mr. Kruger) shall obtain from the CCI Legal Affairs Office, and deliver to

1  the Clerk of this Court, all Confidential Material, for the purpose of this court's review in
2  assessing the merits of the pending motions for summary judgment.  The Confidential Material
3  shall be delivered in a manner that protects its confidentiality, shall bear the name and number of
4  this case, shall be marked, "Attention:  Magistrate Judge Kendall J. Newman," and shall be
5  presented to the public counter of the Clerk of Court with a copy of this order.  The Clerk of
6  Court shall construe this paragraph as an **Order Authorizing the Submission of Confidential**
7  **Material Under Seal**, and shall designate defendants' submission of the material on the docket.
8  The Confidential Material shall remain in this court until the conclusion of this action herein.

9          5. The protective order filed January 11, 2011 (Dkt. No. 127), is hereby amended
10 to delete Items 4(e) and 4(g).  (See n.1, supra.)  Upon termination of this action in this court, the
11 court will arrange for the return of the Confidential Material to defendant Brockett's attorney.

12         6. Finally, defense counsel for the remaining defendants (Ms. Hewitt) shall,
13 within fourteen days after the filing date of this order, file a Supplemental Statement of
14 Compliance, regarding the outstanding declarations of defendants Vance, Morrow, and
15 Shannon.[2]

16         SO ORDERED.
17 DATED:  April 6, 2012

19 _____
   KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

21 mana2290.mtn.4.12

---

[2] By order filed December 16, 2011, this court directed each defense counsel to file a statement of compliance that contained counsel's "sworn declaration, supported by the separate sworn declarations of each defendant whom counsel represents, that informs the court whether all defendants have produced all relevant evidence; in addition, defense counsel shall each inform the court whether their respective motions for summary judgment are based only upon evidence that has been previously disclosed and produced to plaintiff."  (Dkt. No. 206 at 5.)  On January 6, 2012, Ms. Hewitt provided the declarations of each defendant she represents, with the exception of defendants Vance, Morrow, and Shannon.  (Dkt. Nos. 216, 217.)