IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                No. 2:07-cv-2290 LKK KJN P

    vs.

BRAD WILLIAMS, et al.,

        Defendants.         <u>ORDER</u>

_____/

        In response to this court's order filed July 13, 2012, defendants served on plaintiff, and filed under seal with this court, pertinent transcripts of administrative proceedings relevant to the issues in this case. These transcripts exceed 500 pages in length,[1] requiring that plaintiff be given an opportunity to submit additional briefing in opposition to defendants' pending motions for summary judgment, and defendants be given an opportunity to reply.

        However, the current briefing is already extensive, including an authorized surreply, and an additional problem besets this case. On July 6, 2012, the Ninth Circuit issued an order requiring that all prisoners proceeding pro se must be provided contemporaneous notice of

---

[1] Counsel for defendant Brockett should have produced these transcripts to plaintiff together with the pertinent audio recordings; many of the strategic difficulties in this case, particularly in requiring prison officials to accommodate plaintiff's need to listen to the audio recordings, may have been avoided.

1

certain requirements for opposing a motion for summary judgment. Woods v. Carey, 2012 WL 2626912,*1 (9th Cir. July 06, 2012 ), citing, in pertinent part, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). The district court may provide such notice if defendants fail to do so. Woods, 2012 WL 2626912 at *5. When provided by defendant, the notification must be set forth in "a separate document, served with the moving papers, and state[] that the court has required that it be given." Rand, 154 F.3d at 960; Woods, 2012 WL 2626912 at *4. These requirements apply to both "pending and future cases." Woods at *6.

Review of the two motions for summary judgment filed in this action indicate that neither apparently provided the necessary notice to plaintiff pursuant to Rand. Although it appears that plaintiff understands his obligations in opposing a motion for summary judgment, in an abundance of caution the court will provide plaintiff with the required notice, and establish a supplemental briefing schedule. Plaintiff may, however, opt to rely on his oppositions filed November 17, 2011 (Dkt. No. 190-94), and November 23, 2011 (Dkt. No. 197-98), and his surreply filed April 30, 2012 (Dkt. No. 231).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is hereby informed of the following requirements for opposing a motion for summary judgment:

Rand Notice[2]

Plaintiff is informed that the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of

---

[2] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods 2012 WL 2626912 at *1; Rand, 154 F.3d at 957.

the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).

If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

2. Plaintiff is granted thirty days from the filing date of this order in which to do one of the following:

    a. File and serve one supplemental opposition;[3] OR

    b. File and serve a statement that plaintiff instead chooses to rely on his oppositions filed November 17, 2011, and November 23, 2011, and surreply filed April 30, 2012.

---

[3] If plaintiff chooses to file a supplemental opposition, he shall not re-file any previously-filed exhibits, so long as he makes clear which exhibit he is referencing; references to the newly-filed transcripts may be made without submitting copies of the transcripts, provided plaintiff makes clear which transcript and page number he is referencing. Although two motions for summary judgment are pending, plaintiff is authorized by this order to file only one supplemental opposition.

3. Should plaintiff file and serve a supplemental opposition, defendants' respective supplemental replies, if any, shall be filed and served within fourteen days after service of the supplemental opposition.

4. The Clerk of Court is directed to re-notice the filing date of defendants' respective motions for summary judgment (<u>see</u> Dkt. Nos. 164, 183, and related filings), to the filing date of this order.

SO ORDERED.

DATED: July 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mana2290.ord.RAND.ntc