1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEWART MANAGO,

11              Plaintiff,                     No. 2:07-cv-2290 LKK KJN P

12        vs.

13   BRAD WILLIAMS, et al.,

14              Defendants.                    ORDER

15   _____/

16              Plaintiff has filed a request for the court's permission to share confidential

17   materials generated in this case with the Federal Bureau of Investigation ("FBI").  Plaintiff states

18   that, on August 14, 2006, he was interviewed by two unidentified FBI agents and attorney

19   Edward J. Caden concerning allegations of corruption within the California Department of

20   Corrections and Rehabilitation.  Plaintiff states that he has remained in contact with attorney

21   Caden and continued to send him information concerning these allegations, pursuant to their

22   2006 agreement that Caden "would forward all of my future correspondence to the Federal

23   Bureau of Investigation, in order to be reviewed and/or processed."  (Dkt. No. 253 at 3.)

24   Plaintiff states that, "upon further information and review of the confidential materials in [the

25   instant case], it's necessary that I share this information with the Federal Bureau of Investigation

26   (FBI), but only with this court's permission to do to."  (Id. at 3-4.)  Defendant Brockett has filed

1

a statement of opposition to plaintiff's request.  (Dkt. No. 254.)

Plaintiff's request is denied, pursuant to the express terms of the protective order in this action, which compelled the disclosure of documents initially withheld by defendant Brockett on a claim of privilege ("Confidential Material").  The protective order provides in pertinent part:

> **4.  Production is made pursuant to the following protective order:**
>
> a.  The documents and audio files, any information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from the disclosed documents, **shall be used only for the prosecution, defense or settlement of this action, and for no other purpose**.
>
> b.  The Confidential Material may be disclosed or made available only to the court and its personnel, to counsel for a party (including paralegal, clerical and secretarial staff employed by such counsel), and to "qualified persons" as designated below:
>
> > i.  A party, or an officer, director or employee of a party, deemed necessary to aid in the prosecution, defense or settlement of this action;
> >
> > ii.  Experts (and their clerical staff) retained by a party or counsel to assist in the prosecution, defense or settlement of this action;
> >
> > iii.  Court reporter(s) employed in this action;
> >
> > iv.  A witness at any deposition or other proceeding in this action.
> >
> > v.  Prior to receiving any Confidential Material, each "qualified person" shall be provided a copy of this order and shall execute a uniform non-disclosure agreement drafted by defendants that is consistent with this order.
>
> c.  **Plaintiff shall not allow any person not a party to this action,** including, but not limited to, inmates housed in any correctional facility or any correctional staff (sworn or non-sworn) employed by the California Department of Corrections and Rehabilitation, **to review any portion of the Confidential Material.**

      d.  **Plaintiff shall not discuss the contents of the Confidential Material, nor transmit, either verbally or electronically, any portion of the Confidential Material, including any summaries, copies, abstracts or other documents derived in whole or in part from the Confidential Material, to any person not a party to this action,** including, but not limited to, any inmate housed in a correctional facility or any correctional staff member (sworn or non-sworn) employed by the California Department of Corrections and Rehabilitation who is not designated a "qualified person."

      e.  The Confidential Material, including all summaries, copies, abstracts or other documents derived therefrom in whole or in part, shall be kept in the Legal Affairs Office at plaintiff's place of incarceration, and shall be made reasonably available to plaintiff in the institution's law library or other reasonable place designated by the institution. When not in use by plaintiff, the Confidential Material, and related materials prepared by plaintiff, shall be maintained in the Legal Affairs Office.

      f.  **No portion of the Confidential Material shall be disclosed to the public or to any person not a party to this action, except as authorized by the court.**

      g.  **Upon termination of this case, plaintiff shall, within fourteen days, assemble and return to defendant Brockett or her attorney all of the Confidential Material, including any copies thereof.**

(Dkt. No. 127 at 2-3 (emphasis added) (fn. omitted).)

      Although plaintiff has complied with the terms of the protective order by first seeking permission of the court to disclose the subject materials, and is commended on that basis, plaintiff has failed to assert or demonstrate any compelling rationale for expanding the scope of disclosure carefully circumscribed in this case. A private attorney uninvolved in this action has no basis for reviewing the subject confidential materials, and the FBI may, for good cause shown, seek the disclosure of materials through a subpoena or other authorized means. However, the court perceives no basis for such disclosure, nor for plaintiff's apparent endeavor to assist the FBI.

      Plaintiff is informed that failure to abide by the terms of the protective order in this action, or any other order of this court, including the instant order, shall render plaintiff subject to monetary or other sanctions. See Fed. R. Civ. P. 11; Local Rule 110 ("Failure of

1    counsel or of a party to comply with these Rules or with any order of the Court may be grounds

2    for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

3    inherent power of the Court.").

4              Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

5              1.  Plaintiff's request (Dkt. No. 253) to disclose confidential material to anyone

6    not a party to this action or an otherwise "qualified individual," as defined by the protective order

7    in this case, is DENIED.

8              2.  Failure of plaintiff to abide by this order, or the terms of the protective order in

9    this action, shall be grounds for any and all sanctions available to the court.

10             SO ORDERED.

11   DATED:  November 28, 2012

12

13                                         _____

14                                         KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE

15   mana2290.cnfdntl.docs

16

17

18

19

20

21

22

23

24

25

26