1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEWART MANAGO,                          No.  2:07-cv-02290-TLN-KJN P

12                  Plaintiff,

13        v.                                  ORDER

14   BRAD WILLIAMS, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner at the California Correctional Institution (CCI), in Tehachapi,

18   who proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C.

19   §1983.  On March 13, 2013, the undersigned Magistrate Judge issued Amended Findings and

20   Recommendations (ECF No. 259),[1] which are pending for review by the District Judge.

21   Meanwhile, plaintiff has filed several matters, including the following:  (1) Motion for Special

22   Hearing (ECF No. 270); (2) Motion to File a Reply to Defendants' Objections to the Amended

23   Findings and Recommendations (ECF No. 271); and (3) Motion for Hearing (ECF No. 272).  For

24   the following reasons, only the motion concerning plaintiff's reply is granted.

25   ////

26

---

27   [1] The findings and recommendations were amended solely for the purpose of correctly
     citing current Federal Rule of Civil Procedure 56; the legal analysis remained unchanged from the
28   original Findings and Recommendations (ECF No. 257).

                                              1

1      1. Motion for Special Hearing (ECF No. 270)

2          Pursuant to this motion (83 pages in length, including exhibits), plaintiff states that, on

3  April 2, 2013, CCI Correctional Officer Speth willfully delivered to another inmate plaintiff's

4  legal mail, specifically, a copy of the objections to the pending findings and recommendations

5  filed by attorney Shanan Hewitt on behalf of defendant Mary Brockett.  Plaintiff alleges that this

6  unnamed inmate ("housed [at] 4A-5A-105") willfully signed the legal log book, forging

7  plaintiff's name.  The subject legal mail was routed to plaintiff on April 7, 2013, by Correctional

8  Officer Duncan, who told plaintiff that that the inmate housed in "5A-105" had, that same day,

9  returned the opened mail to Correctional Officer Montgomery, who gave the mail to Officer

10  Duncan to deliver to plaintiff.  Plaintiff alleges that the unidentified inmate made intimidating

11  statements to plaintiff on April 7 and 11, 2013, letting others know that plaintiff was a

12  "government informant" (referencing plaintiff's role in the alleged "sting operation" underlying

13  this action) and, together with Officer Speth, attempted to dissuade a witness in this action.

14  Plaintiff asserts that Officer Speth and the subject inmate have deliberately interfered with

15  plaintiff's right to pursue this action.  Plaintiff seeks "an order calling for a hearing to determine

16  intimidating, threatening, coercing and the interfering (sic) with my right to litigate this cause of

17  action without fear and intimidation from correctional officers at CCI."  (ECF No. 270 at 29-30.)

18  Elsewhere in this filing, plaintiff seeks a "preliminary injunction" "ordering CDCR Agents and

19  CCI Legal Officers to cease their retaliatory acts, threats and interfering with [plaintiff's] legal

20  activities," and "from sharing plaintiff's confidential legal mail with other inmates, who may

21  cause harm to plaintiff within CDCR. . . ."  (Id. at 18.)

22          These allegations against CCI officials, which the court finds only tangentially related to

23  the merits of this action, cannot be added to this litigation.  Plaintiff asserts that, as a result of the

24  challenged conduct, he missed the deadline for filing a reply to defendant Brockett's objections

25  (ECF No. 264); however, plaintiff timely filed such reply (ECF No. 269).  Moreover, plaintiff's

26  putative claims must be pursued, if at all, in a separate action after plaintiff exhausts his available

27  administrative remedies.  A prisoner does not comply with the exhaustion requirement by

28  exhausting his administrative remedies during the course of litigation.  McKinney v. Carey, 311

1    F.3d 1198, 1199 (9th Cir. 2002).

2           Similarly, plaintiff does not assert any cognizable basis for issuing a preliminary

3    injunction.  "The proper legal standard for preliminary injunctive relief requires a party to

4    demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

5    in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

6    injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

7    2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The principal

8    purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful

9    decision pursuant to a trial on the merits.  See 11A Charles Alan Wright & Arthur R. Miller,

10   Federal Practice and Procedure, § 2947 (2d ed. 2010).  In addition to demonstrating that he will

11   suffer irreparable harm if the court fails to grant the preliminary injunction, a plaintiff must show

12   a "fair chance of success on the merits" of his underlying claims.  Sports Form, Inc. v. United

13   Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted).  Implicit in

14   this showing is the assumption that the relief awarded will be only temporary, pending a full

15   hearing on the merits of the claims raised in the injunction when the action is brought to trial.

16   Therefore, as a general rule, this court cannot issue an order against individuals who are not

17   parties to the underlying suit.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100

18   (1969).

19          For these reasons, plaintiff's motion for a special hearing (ECF No. 270), to challenge the

20   conduct of CCI Correctional Officer Speth, additional unidentified CCI officials, and unnamed

21   CCI inmates, is denied.

22          2.  Motion to File Reply to Defendants' Objections (ECF No. 271)

23          Pursuant to his "Motion for Reply" and "Reply" contained therein (51 pages in length,

24   including exhibits), plaintiff requests that the court consider the merits of plaintiff's response to

25   the objections filed by defendants (other than defendant Brockett).

26          Plaintiff's motion will be granted.  The Amended Findings and Recommendations

27   provided that "[a]ny response to the objections shall be filed and served within 14 days after

28   service of the objections."  (ECF No. 259 at 74.)  Defendants' objections were served on March

27, 2013.  (ECF No. 265 at 17.)  Allowing three days for service of the objections on plaintiff, see Fed. R. Civ. P. 6(d), plaintiff's response was due by April 15, 2013, see Fed. R. Civ. P. 6(a)(1)(B) (the 14-day period ended on a Saturday, extending the deadline to the following Monday). Plaintiff submitted his response to prison officials on April 18, 2013.  Application of the mailbox rule[2] renders plaintiff's response only three days late.  This delay di minimis.  Moreover, as a matter of equity, defendants earlier sought and obtained an extension of time within to file their responses to plaintiff's objections.  (See ECF No. 266.)

Therefore, plaintiff's request will be granted.  The Clerk of Court will be directed to re-designate this document as a "REPLY by Stewart Manago to ECF No. 265 Objections to Findings and Recommendations," and the substance of this reply shall be included in the district judge's consideration of the Amended Findings and Recommendations.

3. Motion for Hearing (ECF No. 272)

Pursuant to this motion, plaintiff seeks an order enjoining attorney Hewitt and CCI Prison Officials from opening plaintiff's legal mail outside of plaintiff's presence and/or to order Hewitt to cease refusing service of plaintiff's legal filings.  Plaintiff states that Hewitt rejected the attempted service of two motions filed by plaintiff (now designated as ECF Nos. 270, 271). Plaintiff states that he had submitted the motions to CCI Correctional Officer Cannon for mailing; but that Officer Speth returned them to plaintiff on April 26, 2013, with a message that they were not deliverable as addressed.  However, the address that plaintiff identifies for Ms. Hewitt matches that on the court's docket.

Plaintiff asserts that "[i]t appears that CCI Prison Officials and Attorney Heweitt are using delay tactics, oppression, harassment and massive expense for their own political profit."  (ECF No. 272 at 3.)  Plaintiff also asserts that "CCI Prison officials, and the mailroom staff, has attempted to have me to believe that the mail left the institution, but it did not because these stamps are suspect."  (Id. at 4 (sic).)  For the reasons previously set forth in denying plaintiff's

---

[2] See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding that "the Houston mailbox rule" applies to Section 1983 suits filed by pro se prisoners); see also Houston v. Lack, 487 U.S. 266, 276 (1988) ("mailbox rule" establishes the filing date of a habeas appeal as the date petitioner delivers the appeal to prison authorities for purposes of forwarding it to the court clerk).

4

1   motion for a special hearing, this motion is also denied.  Plaintiff's allegations and claims against

2   these CCI officials and/or attorney Hewitt are only tangentially related to this litigation, and must

3   be brought in a separate action, if at all, after plaintiff has exhausted his available administrative

4   remedies.

5          4.  Additional Filings (ECF Nos. 273, 274)

6          Plaintiff has filed a copy of letter he wrote to M. Lopes, Special Master in the ongoing

7   class action litigation that addresses the care of mentally ill prisoners in California, Coleman v.

8   Brown, Case No. 2:90–cv–0520 LKK DAD P.  The letter contains plaintiff's allegations that

9   Officer Speth shared plaintiff's confidential legal information with another, unidentified, inmate,

10   who then allegedly made threats against plaintiff, allegedly endangering plaintiff's health and

11   safety; and alleges that CCI officials have failed to properly process plaintiff's attempts to file and

12   exhaust pertinent administrative grievances, allegedly in an attempt to cover up staff misconduct.

13   (ECF No. 273.)  The undersigned finds that this letter requires no response in this action, for the

14   reasons previously stated.

15          Finally, plaintiff has filed a notice that he intends to file a Motion for Status Report, "due

16   to CDCR-staffs continuing to engage in multiple counts of obstruction of justice, witness

17   tampering and making false statements . . . ."  (ECF No. 274 at 1.)  This notice requires no

18   response.  It is premature to require any status reports in this action until the district judge has

19   ruled on the Amended Findings and Recommendations.

20          For these reasons, no action is required by the court based on plaintiff's two most recent

21   filings (ECF No. 273, 274).

22          5.  Admonition

23          Plaintiff has repeatedly been admonished to refrain from filing extraneous matters in this

24   action.  (See e.g. ECF No. 148; ECF No. 206 at 4-5; ECF No. 211.)  Plaintiff is again admonished

25   to refrain from filing any matters in this case unless directed by the court, under penalty of

26   sanctions.  See Fed. R. Civ. P. 11;[3] Local Rules 110,[4] 183(a).[5]

27

28

---

[3] Fed. R. Civ. P. 11(c) authorizes the imposition of sanctions for conduct by counsel "or
unrepresented party" that includes the submission of written matters "presented for any improper

5

6.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's request (ECF No. 271) that the court consider the merits of plaintiff's reply to the objections filed by defendants (other than defendant Brockett), is GRANTED.

2.  The Clerk of Court is directed to re-designate ECF No. 271 as a "REPLY by Stewart Manago to ECF No. 265 Objections to Findings and Recommendations;" the substance of this reply shall be included in the district judge's consideration of the Amended Findings and Recommendations.

3.  Plaintiff's remaining requests (ECF Nos. 270 and 272), are DENIED.

4.  Plaintiff is admonished to refrain from filing any further matters in this action unless directed to do so by the court.

SO ORDERED.

Dated:  December 12, 2013

/mana2290.misc.12.2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

purpose, such as to harass . . . ."

[4] Local Rule 110 provides in full: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

[5] Local Rule 183(a) provides in pertinent part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."

6