1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEWART MANAGO,                              No.  2:07-cv-02290-TLN-KJN P

12               Plaintiff,

13         v.                                     ORDER

14   BRAD WILLIAMS, et al.,

15               Defendants.

16

17         Plaintiff is a state prisoner, currently incarcerated at California State Prison-Corcoran

18   (CSP-COR), who proceeds in forma pauperis and without counsel[1] in this civil rights action filed

19   pursuant to 42 U.S.C. § 1983.  Following this court's January 16, 2014 ruling on defendants'

20   motions for summary judgment, this action now proceeds against seven defendants -- Brockett,

21   Kelly, Jaffee, Martin, Chapman, Vance and Kennedy – on the following claims:  (1) against

22   Brockett, for alleged sexual misconduct; (2) against Kelly and Jaffee, for deliberate indifference

23   to serious mental health needs, failure to protect, and supervisory liability; (3) against Martin, for

24   deliberate indifference to serious mental health needs, and failure to protect; and (4) against

25   Chapman, Vance and Kennedy, for failure to protect.  (See ECF No. 277, 259.)

26   ////

27   ─────────────────────────

28   [1]  Plaintiff rejected the court's invitations to request appointment of counsel.  (See Dkt. Nos. 155,
     148, 124.)

                                                   1

1      On February 27, 2014, the parties were directed to inform the court whether a settlement

2   conference may be helpful in resolving this action.  All defendants responded in the affirmative.

3   (ECF Nos. 286, 287.)  Plaintiff responds that a settlement conference may be helpful after

4   additional discovery and the filing of pretrial statements, and after plaintiff speaks independently

5   with defense counsel in a telephone conference arranged by the court.  This order addresses

6   plaintiff's concerns, and confirms that a settlement conference has now been scheduled in this

7   action for September 11, 2014.

8      Plaintiff's discovery concerns are without merit.  Discovery closed on February 24, 2011,

9   with limited extensions of time for specific further disclosures.  The court finds unavailing

10   plaintiff's allegations that defendants failed to disclose all relevant evidence.  While prior orders

11   of this court admonished defendants and compelled further discovery (see e.g. ECF No. 206,

12   244), all defendants and defense counsel filed sworn declarations stating that they had produced

13   all relevant evidence.  (See ECF Nos. 215-18.)  Although defendant Brockett subsequently

14   produced additional evidence (see e.g. ECF No. 216 at 3; 219, 228, 233-38, 244-48), triggering

15   further admonishment from the court (ECF No. 244), and the disclosure of yet more evidence

16   (ECF No. 245-46), plaintiff was accorded additional time to consider and address this new

17   evidence in a supplemental opposition to defendant Brockett's motion for summary judgment

18   (ECF No. 248).  Moreover, the undersigned has consistently cautioned that the omission of

19   relevant evidence may result in the imposition of sanctions, either on summary judgment or at

20   trial.  (See, e.g., ECF No. 206 at 3; 244 at 2.)  The undersigned found no grounds for imposing

21   sanctions on summary judgment (see ECF No. 259 at 6 n.4, and related text), and it will be within

22   the trial judge's discretion to assess whether any party has withheld relevant evidence.  There is

23   no basis for authorizing further discovery at this time.

24      Moreover, plaintiff will not be given an order to conduct an independent telephone

25   conversation with defense counsel.  Defendant Brockett no longer has counsel.  The remaining

26   defendants are represented by common defense counsel.  However, due to plaintiff's

27   inappropriate prior correspondence with defense counsel, plaintiff remains admonished, under

28   threat of sanction, including dismissal of this action, to refrain from independent contact with

1   counsel.  (See ECF No. 206.)  The court perceives no value in authorizing a private conversation

2   between plaintiff and defense counsel (unless defense counsel desires to initiate such a call).

3       For these reasons, plaintiff's objections to setting an immediate settlement conference are

4   overruled.

5       The undersigned notes one additional matter, for consideration by the settlement judge.

6   The undersigned recently granted the request of defendant Brockett's counsel to withdraw,

7   effective April 1, 2014.  (ECF No. 284.)  The Attorney General's Office has declined to represent

8   Brockett.  (ECF No. 285.)  Defendant Brockett is encouraged to attempt to secure alternate legal

9   representation.  (ECF Nos. 284, 285.)  In the event Brockett does not secure counsel before the

10  settlement conference, the settlement judge may (or may not) consider a request by defendant

11  Brockett to appear by telephone rather than in person.

12      In accordance with the above, and pursuant to the court's order filed April 3, 2014, IT IS

13  HEREBY ORDERED that:

14      1.  Plaintiff's requests for additional discovery and for an independent telephone

15  conference with defense counsel (see ECF No. 280), are denied.

16      **2.  This case is set for a settlement conference before Magistrate Judge Dale A.**

17  **Drozd, on Thursday, September 11, 2014,  at 10:00 a.m., at the U.S. District Court, 501 I**

18  **Street, Sacramento, California 95814, in Courtroom No. 27 (8th floor)**.  (See ECF No. 288.)

19      **3.  Plaintiff will appear at settlement by video-conference, from California State**

20  **Prison-Corcoran, as directed by separate order.**

21      4.  A representative with full and unlimited authority to negotiate and enter into a binding

22  settlement on defendants' behalf shall attend in person.

23      5.  Those in attendance at settlement (whether in person, by video-conference or by

24  telephone) must be prepared to discuss the claims, defenses and requested damages in this action.

25  The failure of any counsel, party or authorized person subject to this order to appear may result in

26  the imposition of sanctions and cancellation of the settlement conference.

27  ////

28  ////

3

1    6. The parties are directed to submit confidential settlement conference statements to

2  Magistrate Judge Dale A. Drozd, on or before September 4, 2014, to the following email address:

3  dadorders@caed.uscourts.gov.  Plaintiff and defendant Brockett (if not represented by counsel)

4  shall mail their respective settlement conference statements to the Clerk's Office of this court, to

5  arrive no later than September 4, 2014.  Furthermore, each party shall file a Notice of Submission

6  of Confidential Settlement Conference Statement.  See Local Rule 270 (d).

7    SO ORDERED.

8  Dated:  April 7, 2014

9

10  /mana2290.next

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4