UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | No. 2:07-cv-02290 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| BRAD WILLIAMS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The court finds that plaintiff has a reasonable likelihood of success on the merits of this case, but that the complexity of the legal issues involved likely prevents plaintiff from successfully articulating his claims pro se at trial.

Having considered the factors under Palmer, the court finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

One other matter requires the court's attention. Plaintiff's motion for appointment of counsel includes a lengthy discussion of alleged discovery abuses by defendants' counsel. Plaintiff is cautioned that discovery in this matter is closed, and absent a showing of good cause by plaintiff's counsel, discovery will not be reopened. Plaintiff is advised that reopening discovery at this point would likely further delay trial by years. Plaintiff is also advised that any further pro se filings regarding discovery-related matters will be grounds for sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 22, 2015 motion for the appointment of counsel (ECF No. 318) is granted.

2. Alternative Dispute Resolution and Pro Bono Program Director Sujean Park is directed to locate an attorney, admitted to practice in this court, who is willing to accept this appointment and represent plaintiff for the purposes of trial.

3. The deadlines previously set for the parties to serve their pretrial statements, and for plaintiff to bring any motions necessary to obtain the attendance of witnesses at trial, are vacated. Upon the appointment of counsel for plaintiff, the court will set a status conference at which new deadlines will be set. This matter remains set for jury trial before the Honorable Troy L. Nunley on June 13, 2016, at 9:00 a.m., in Courtroom 2.

4. Plaintiff's motion for extension of time (ECF No. 319) is denied as moot.

Dated: July 1, 2015

/mana2290.31.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2