UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

    Plaintiff,

  v.

BRAD WILLIAMS, et al.,

    Defendants.

No. 2:07-cv-02290 TLN KJN P

ORDER

      Plaintiff is a state prisoner, proceeding in forma pauperis and through appointed counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 24, 2015, plaintiff moved for sanctions against defendants based on the California Department of Corrections' ("CDCR's") alleged failure to send $350.00 to the court in order to satisfy the filing fee in this matter. The $350.00 was allegedly provided to CDCR in the form of a money order by an attorney named Emily Maloney. (See ECF No. 328.)

      Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Neither of plaintiff's appointed counsel has signed the motion in question. Rule 11 further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Id. See also Bus. Guides, Inc. v. Chromatic Commc'ns Enters.,

1

Inc., 498 U.S. 544, 543 (1991) ("[W]here a required signature is missing and the omission is not corrected promptly, the document will be stricken."). Accordingly, the motion for sanctions will be stricken in its entirety unless plaintiff's counsel promptly resubmits the motion with a signature. Plaintiff is nevertheless advised that the motion appears meritless, and is likely to be denied even if resubmitted with counsel's signature.

Plaintiff has been warned on numerous occasions that he should "cease filing any documents in this case unless expressly directed by this court." (ECF No. 302 at 2.) Plaintiff has been unwilling to heed these warnings, and continues to bombard the court with frivolous and unnecessary filings that drain scant time and resources. It has therefore become necessary for the court to order that if plaintiff makes even a *single* additional filing of any type in this action of his own accord, rather than proceeding through his appointed counsel, an order to show cause will immediately issue regarding why this action should not be dismissed with prejudice. Plaintiff is further informed that, in determining whether cause has been shown, the court will disregard any argument that plaintiff was unable to comply with this order due to his mental health status, as plaintiff has proven himself entirely capable of complying with numerous other court orders during the course of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel is granted three days' leave to resubmit plaintiff's motion for sanctions with counsel's signature. In the absence of such a refiling, the motion for sanctions (ECF No. 328) will be stricken in its entirety for failure to comply with Federal Rule of Civil Procedure 11.
2. If plaintiff makes a single additional filing with the court in this action, whether in the form of a letter, a motion, a request for status, or any other document, of his own accord, rather than through appointed counsel, the court will immediately issue an order to show cause as to why this action should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.
3. The Clerk of the Court is directed to serve a copy of this order on plaintiff by mail at

      his last known address.

Dated: September 8, 2015

                                        KENDALL J. NEWMAN
/mana2290.deny.2nd                        UNITED STATES MAGISTRATE JUDGE