UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRAD WILLIAMS, et al.,<br><br>　　　　　Defendants. | No.  2:07-cv-02290 TLN KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding through appointed counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　A status conference was held before the undersigned on September 10, 2015.  Douglas R. Thorn and Danny Cochetas appeared on behalf of plaintiff Stewart Manago, while Shanan L. Hewitt and Jonathan B. Paul appeared on behalf of defendants Chapman, Jaffe, Kelly, Kennedy, Martin, and Vance ("Represented Defendants").  Defendant Mary Brockett, who is proceeding pro se, failed to appear as required.  The subject of her non-appearance is addressed below.

I. <u>Plaintiff's in forma pauperis status</u>

　　　　For the reasons stated on the record at the status conference, the Represented Defendants' motion to revoke plaintiff's in forma pauperis status is denied.

　　　　Nevertheless, plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

1

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Defendant Brockett's failure to appear

Defendant Mary Brockett was required to appear at the September 10, 2015 status conference, but failed to do so.  The court understands that Ms. Brockett may have misconstrued the court's August 18, 2015 order setting the status conference as not requiring her attendance. Ms. Brockett is hereby advised that, despite the fact that she is not represented by an attorney, she must comply with every order issued by this court.  Any future failure to comply with an order will result in the issuance of an order to show cause as to why sanctions should not issue, including and up to the striking of Ms. Brockett's answer and an entry of default against her.

Ms. Brockett is further advised that she must timely file a pretrial statement with the court that meets the requirements set forth below.  Ms. Brockett and counsel for the Represented Defendants are strongly encouraged, though not required, to collaborate in the filing of a single joint pre-trial statement which represents the views of all defendants.

III.  Pre-trial statements

By order filed May 27, 2015, the court identified the witnesses that plaintiff will be permitted to call at trial.  (ECF No. 316.)  As stated on the record at the September 10, 2015 status conference, and only upon a showing of good cause, plaintiff's counsel may move to modify the witness list if necessary to add one or more <u>critical</u> witnesses.  However, it is the court's preference that counsel for the parties attempt to informally resolve any issues concerning the witness list and submit a stipulation and proposed order regarding any agreed-upon modifications thereto.

The parties are required to file pretrial statements in accordance with the schedule set

2

forth below. As set forth in this court's initial scheduling order, in addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits; and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

    A.  <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

    1. The prospective witness is willing to attend;

    <u>and</u>

    2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.

The motion must:

    1. State the name and address of each such witness;

    <u>and</u>

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

3

1. The party can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

Or

2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

////

////

  B. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

  C. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

  D. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the <u>full amount of the witness' travel expenses plus the daily witness fee of $40.00</u>. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to revoke plaintiff's in forma pauperis status (ECF No. 323) is denied.

5

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before November 10, 2015. Defendants shall file their pretrial statements on or before November 24, 2015. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including (in the case of plaintiff's failure) dismissal of this action or (in the case of a defendant's failure) striking of that defendant's answer and entry of a default judgment against that defendant.

4. Pretrial conference (as described in Local Rule 282) is set in this case for November 25, 2015 before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

5. This matter remains set for jury trial before the Honorable Troy L. Nunley on June 13, 2016, at 9:00 a.m., in Courtroom 2.

Dated:  September 11, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

JM /mana2290.stmts

6